IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 121,729

STATE OF KANSAS,
*Appellee*,

v.

MARCUS L. WILSON,
*Appellant*.

SYLLABUS BY THE COURT

1.

A condition precedent to the district court's statutory authority to revoke probation and impose the sentence on a probation violator under K.S.A. 2016 Supp. 22-3716(c)(1)(E) is that the violator already had a sanction imposed under K.S.A. 2016 Supp. 22-3716(c)(1)(C) (providing for 120-day sanction in custody of Secretary of Corrections) or K.S.A. 2016 Supp. 22-3716(c)(1)(D) (providing for the 180-day sanction in custody of Secretary of Corrections). A judge can impose those precedent sanctions only after the violator already had at least one two- or three-day jail sanction imposed under K.S.A. 2016 Supp. 22-3716(b)(4)(A), K.S.A. 2016 Supp. 22-3716(b)(4)(B), or K.S.A. 2016 Supp. 22-3716(c)(1)(B). Thus, a condition precedent to the district court's statutory authority to revoke probation and remand a probation violator to serve a prison sentence under K.S.A. 2016 Supp. 22-3716(c)(1)(E) is that the violator first serves a jail sanction and then an intermediate sanction in the custody of the Secretary of Corrections.

1

2.

When an appellate court holds that a district court abused its discretion by not following the procedure set out in K.S.A. 2016 Supp. 22-3716, the correct disposition is to reverse the decision and remand the case to the district court with directions to ensure the statute is properly applied.

Review of the judgment of the Court of Appeals in an unpublished opinion filed August 28, 2020. Appeal from Sedgwick District Court; ERIC N. WILLIAMS, judge. Opinion filed January 7, 2022. Judgment of the Court of Appeals affirming the district court is reversed on the single issue addressed. Judgment of the district court is reversed, and the case is remanded with directions.

*James M. Latta*, of Kansas Appellant Defender Office, argued the cause and was on the briefs for appellant.

*Lance J. Gillett*, assistant district attorney, argued the cause, and *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

LUCKERT, C.J.:  When a criminal defendant sentenced to probation violates the terms of probation, the law allows a district court judge to sanction the defendant for the misconduct. But the Legislature, through K.S.A. 2016 Supp. 22-3716, restricted the sanctions a judge can use. That statute requires judges to impose specified intermediate sanctions before revoking probation and remanding the defendant to the custody of the Secretary of Corrections to serve a term of imprisonment. Under certain specified circumstances, the Legislature allows for an exception under which a judge may bypass the graduated sanctions. See K.S.A. 2016 Supp. 22-3716.

The provisions of K.S.A. 2016 Supp. 22-3716 dictate the outcome of this appeal, which arises after Marcus L. Wilson committed multiple probation violations. Wilson received sanctions on two prior occasions—a 180-day jail sanction for the first violation and a two-day jail sanction for the second. After a third violation, a judge revoked Wilson's probation, requiring him to serve a prison sentence. In doing so, the judge did not mention the bypass exception.

Wilson appeals, arguing the judge improperly revoked his probation because the district court had not imposed the graduated sanctions in ascending order of severity as required by the Legislature. We agree.

At oral argument before us, both parties suggested this appeal comes down to whether the harmless error analysis applies to the district court's failure to follow the statutory graduated sanctions set out in K.S.A. 2016 Supp. 22-3716. We conclude a harmless error analysis does not apply. We therefore remand to the district court for reconsideration of the proper sanction for Wilson's probation violations.

FACTS AND PROCEDURAL BACKGROUND

Wilson pleaded guilty to aggravated burglary and two counts of criminal threat based on a plea agreement. The events supporting the charges occurred on August 25, 2016, a date that directs us to apply the version of K.S.A. 22-3716 found in the 2016 statutory supplement. See *State v. Coleman*, 311 Kan. 332, 337, 460 P.3d 828 (2020)

A district court judge sentenced Wilson to a controlling term of 75 months' imprisonment. The judge granted a dispositional departure to probation for 36 months. Wilson's probation conditions included requirements that he remain law abiding, submit

to random drug tests, follow his probation officer's directives, and complete an anger management program.

About four months later, Wilson returned to court because he had allegedly violated the terms of his probation by breaking the law, using drugs, and using alcohol. The judge considering the status of Wilson's probation accepted evidence that Wilson had pleaded guilty or no contest to domestic battery and on that basis found a probation violation. Wilson stipulated to the other probation violations of using drugs and using alcohol.

The State requested imposition of a 180-day Kansas Department of Corrections (KDOC) sanction and an order returning Wilson to a full 36 months' probation on his release from KDOC. Wilson joined the request. The judge adopted the joint recommendation. In addition, the judge, who planned to retire during Wilson's KDOC sanction, cautioned,

> "I am going to make a notation that I put you on notice of the fact that any additional probation violations, it is zero-tolerance and no exceptions. What that means very simply is any commitment of another violation, you are looking at a 59-month sentence in 16 CR 2522 to serve minus whatever good-time credit you get on the case and any jail credit you get."

Shortly after his release from the 180-day KDOC sanction, Wilson stipulated to another probation violation. He agreed to serve a 48-hour jail sanction.

A few months later, the district court held an evidentiary hearing on two new alleged probation violations. The district court found by a preponderance of the evidence

4

that Wilson violated his probation conditions by testing positive for THC and not attending drug and alcohol treatment as directed. The district court judge presiding over that hearing noted the prior judge's warning that there would be zero tolerance of future violations before revoking and imposing the original sentence of 75 months followed by 36 months' post-release supervision. The district court judge modified the sentence in another case to run concurrent with the charges in this case and remanded Wilson to the custody of KDOC to serve both sentences.

Wilson appealed, raising three issues. The Court of Appeals affirmed. *State v. Wilson*, No. 121,729, 2020 WL 5083545 (Kan. App. 2020) (unpublished opinion). Wilson timely petitioned asking for this court's review of his appeal. He raised only one issue for review, arguing the Court of Appeals erred by holding that a district court judge may use the probation violation sanctions in K.S.A. 2016 Supp. 22-3716(c)(1) in any order, rather than in graduating steps of severity, and still properly revoke probation. We granted Wilson's petition for review and have jurisdiction under K.S.A. 20-3018(b) (allowing petitions for review of Court of Appeals decisions) and K.S.A. 60-2101(b) (Supreme Court has jurisdiction to review Court of Appeals decisions upon petition for review).

ANALYSIS

1. *The district court erred in applying K.S.A. 2016 Supp. 22-3716.*

K.S.A. 2016 Supp. 22-2716 defines the intermediate sanctions a judge may impose before revoking probation and requiring the defendant to serve a prison sentence. It also requires a judge to use these sanctions or to invoke a so-called bypass provision that, if applied, allows bypassing the intermediate sanctions and sending someone

5

directly to the custody of KDOC. Here, the judge did not invoke the bypass, and the State does not contend it applies. Nor did the court impose the intermediate sanctions in a graduated order from least severe to more severe. Wilson argues the judge thus abused his discretion by not following the statute.

Before discussing the heart of that issue, we pause to make some preliminary points. First, as we noted, because Wilson committed the underlying crimes in August 2016, the applicable statute is K.S.A. 2016 Supp. 22-3716. After 2016, the Legislature amended K.S.A. 22-3716, but those amendments do not apply here. See *Coleman*, 311 Kan. at 337. Second, before the Court of Appeals, the parties disputed whether Wilson had preserved the issue we now review. The Court of Appeals held he had. *Wilson*, 2020 WL 5083545, at *3. The State has not asked us to review that holding. So we too consider the issue preserved. See Supreme Court Rule 8.03(c)(3) (2021 Kan. S. Ct. R. 57) ("The purpose of a cross-petition is to seek review of specific holdings the Court of Appeals decided adversely to the cross-petitioner.").

With those considerations in mind, we turn to the issue raised by Wilson of whether the district court judge abused his discretion by incorrectly interpreting and applying K.S.A. 2016 Supp. 22-3716, leading to a premature revocation of Wilson's probation. See *Coleman*, 311 Kan. at 334 (appellate courts review propriety of probation sanction for abuse of discretion). One way in which a judge may abuse discretion is by committing an error of law, such as in interpreting a statute. See *State v. Gonzalez-Sandoval*, 309 Kan. 113, 126-27, 431 P.3d 850 (2018) (district court abuses discretion when making an error of law); *State v. Clapp*, 308 Kan. 976, 980, 425 P.3d 605 (2018) (interpretation of statute presents a question of law).

6

As we noted, before us the State focused on whether any error was harmless. But the Court of Appeals held no error occurred, necessitating that we examine Wilson's claim of error. To do so, we focus on the language of K.S.A. 2016 Supp. 22-3716, which sets out how courts should apply the intermediate sanctions allowed by the Legislature. In interpreting a statute, courts apply the statute as written if its meaning is clear and unambiguous. If it is not clear, we look to legislative history, background considerations, and canons of construction to help discern legislative intent. See *State v. Queen*, 313 Kan. 12, 17, 482 P.3d 1117 (2021). As we review the district court judge's and the Court of Appeals' interpretation of K.S.A. 2016 Supp. 22-2716, we grant no deference to their interpretation but interpret the statute de novo. *Clapp*, 308 Kan. at 980.

K.S.A. 2016 Supp. 22-2716 sets out three intermediate sanctions: (1) two or three days in jail; (2) 120 days in KDOC custody; and (3) 180 days in KDOC custody. The defendant, after serving either a jail or a KDOC sanction, returns to probation. Wilson argues the legislative intent was to have the two- or three-day sanction imposed for the first violation and the KDOC sanction imposed for later violations. He also contends that a judge can revoke probation only after the defendant has "properly climb[ed] the ladder of the graduated sanctioning scheme." But the judges here moved down the ladder when imposing sanctions, first ordering the most severe of the intermediate sanctions—180 days in KDOC's custody—followed by two days in jail. Because of this backward order of sanctions, Wilson argues the Court of Appeals erred in holding "that Wilson received the appropriate intermediate sanctions before the district court revoked his probation on his third violation [and, thus,] the district court did not err in revoking Wilson's probation on his third violation." *Wilson*, 2020 WL 5083545, at *4. We agree with Wilson's argument.

7

The plain language of K.S.A. 2016 Supp. 22-3716(c)(1)(E) reveals a legislative intent that the judge must impose a two- or three-day jail sanction before the judge can impose a 120- or 180-day sanction. And a judge may revoke probation only after properly imposing a 120- or a 180-day sanction. To get to this conclusion we work through three parts of K.S.A. 2016 Supp. 22-3716:

1. K.S.A. 2016 Supp. 22-3716(c)(1)(E) allows a judge to remand a probationer to prison for the full term of the sentence "if the violator *already* had a sanction imposed pursuant to subsection (c)(1)(C) or (c)(1)(D)." (Emphasis added.)

2. A judge can order a sanction under subsection (c)(1)(C) (providing for the 120-day KDOC sanction) or (c)(1)(D) (providing for the 180-day KDOC sanction) only "if the violator *already* had at least one intermediate sanction imposed pursuant to subsection (b)(4)(A), (b)(4)(B) or (c)(1)(B)." (Emphasis added.)

3. And (b)(4)(A), (b)(4)(B), or (c)(1)(B) are provisions that allow for a two- or three-day jail sanction under various circumstances.

These provisions set out the progression of sanctions that must occur before a judge revokes probation. At least one two- or three-day jail sanction is a condition precedent for imposing a 120- or 180-day KDOC sanction. And if the judge does not impose the two- or three-day sanction before the 120- or 180-day sanction, then the 120- or 180-day sanction was not "imposed pursuant to subsection (c)(1)(C) or (c)(1)(D)."

We reached the same conclusion in *Clapp*, 308 Kan. 976. There we summarized the graduated sanctions provisions as they existed in 2014:

8

"[A]bsent utilization of a statutory bypass provision, a condition precedent to the district court's statutory authority to revoke probation and impose the underlying sentence on a probation violator under K.S.A. 2014 Supp. 22-3716(c)(1)(E) is that the violator already had a sanction imposed pursuant to K.S.A. 2014 Supp. 22-3716(c)(1)(C) or K.S.A. 2014 Supp. 22-3716(c)(1)(D), which precedent sanctions could only have been imposed after the violator already had a jail sanction imposed pursuant to K.S.A. 2014 Supp. 22-3716(b)(4)(A), K.S.A. 2014 Supp. 22-3716(b)(4)(B), or K.S.A. 2014 Supp. 22-3716(c)(1)(B). Therefore, a condition precedent to the district court's statutory authority to revoke probation and impose the underlying sentence on a probation violator under K.S.A. 2014 Supp. 22-3716(c)(1)(E) is that the violator already had a jail sanction imposed pursuant to K.S.A. 2014 Supp. 22-3716(b)(4)(A), K.S.A. 2014 Supp. 22-3716(b)(4)(B), or K.S.A. 2014 Supp. 22-3716(c)(1)(B)." 308 Kan. at 986-87.

In other words, a district court may impose a 120- or 180-day KDOC sanction only if the violator has already served at least one jail sanction. And the district court may revoke probation only if the violator has served at least one jail sanction *followed by* at least one 120- or 180-day KDOC sanction unless the district court uses a bypass provision. The Legislature amended K.S.A. 22-3716 in 2016, but those amendments changed none of the subsections applicable to Wilson's case. See L. 2016, ch. 97, § 3.

Here, as in *Clapp*, the district court revoked probation without following the graduated sanction provisions. There, we concluded the district court lacked authority to revoke Phillip L. Clapp's probation unless the district court used a statutory bypass provision. And we concluded the district court did not rely on the bypass provision. 308 Kan. at 988-91. We thus remanded for a new dispositional hearing that properly applied K.S.A. 2014 Supp. 22-3716, at which the district court could impose a proper graduated sanction or bypass the graduated sanctions if it made the required findings. 308 Kan. at 991.

9

Consistent with our holding in *Clapp*, we conclude the fact that Wilson has served two sanctions does not cure the district court's lack of statutory authority to impose the first sanction it ordered (the KDOC sanction) because Wilson had not served a two- or three-day jail sanction. K.S.A. 2016 Supp. 22-3716(c)(1). Although Wilson has no remedy for that sanction because he did not appeal it at the time, the improper sanction still affects this case because the district court ordered the revocation of probation without statutory authority. Cf. *Clapp*, 308 Kan. at 987 (error not attacked on direct appeal "did not imbue the district court with the discretion to compound the error" at a later revocation hearing). Here, because the district court did not impose the 2-day jail sanction before the 180-day KDOC sanction, it did not impose the 180-day KDOC sanction under subsection (c)(1)(C) or (c)(1)(D). This means Wilson has served only one statutorily prescribed sanction: the two-day sanction imposed for the curfew violation under K.S.A. 2016 Supp. 22-2716(b)(4). And that sanction, standing alone, will not support revocation on a later probation violation under the graduated sanction provisions applicable here.

The Court of Appeals' conclusion that the district court did not err in revoking probation after a third probation violation ignores the district court's lack of statutory authority to impose the 180-day KDOC sanction for the first violation. Granted, as the Court of Appeals noted, the plain language of the statute does not tie revocation to the number of probation sanctions. It does, however, tie revocation to a sanction imposed under one of two statutory subsections—(c)(1)(C) or (c)(1)(D). See K.S.A. 2016 Supp. 22-3716(c)(1)(E). And the district court's 180-day KDOC sanction does not meet the statutory prerequisites to a sanction under (c)(1)(C) or (c)(1)(D). As in *Clapp*, we will not "imbue the district court with the discretion to compound the error" by overlooking the lack of statutory support for the 180-day sanction it imposed. We cannot ignore the

10

legislative direction that the process requires walking through the steps of the graduated sanctions or properly analyzing whether it is proper to bypass them. See *Clapp*, 308 Kan. at 987.

In sum, the district court made an error of law when revoking Wilson's probation. And, while several conditions precedent to invoking the bypass provisions in K.S.A. 2016 Supp. 22-3716(c)(8) or (c)(9) may apply, the judge did not refer to or make findings under these provisions. Nor does the State rely on them on appeal. The judge thus abused his discretion in revoking probation.

2. *The error was not harmless.*

The Court of Appeals, without the benefit of briefing or argument from the parties, ruled in the alternative that "any error in applying the sanctions out of order was harmless." *Wilson*, 2020 WL 5083545, at *4 (citing K.S.A. 2019 Supp. 60-261). We disagree.

In *State v. Herring*, 312 Kan. 192, 474 P.3d 285 (2020), we recently considered whether a district court's error in applying the wrong legal standard could be harmless. Christopher Herring moved to withdraw his guilty plea to aggravated robbery. The district court applied the wrong legal standard and thus committed an abuse of discretion when ruling on Herring's motion. We then discussed whether this error could be harmless. In doing so, we noted that we had consistently reversed and remanded appeals when a district court had not applied the proper legal standard. See *Herring*, 312 Kan. at 199-200. We concluded that while "[a] reviewing court may think it understands how a district court should view these circumstances, . . . it cannot know for sure until the lower court does the analysis." 312 Kan. at 201.

11

Here, the State attempts to distinguish *Herring* by arguing that case involved a legal standard while this case involves a legal procedure. The State does not persuade us that distinction makes a difference. Both *Herring* and this case involve statutes that require a district court judge to perform a different legal analysis depending on the procedural posture of the case, and the key in both is that we cannot know how the judge would apply the facts in performing the analysis.

A remand also tracks our recent probation revocation decisions in *Coleman*, 311 Kan. 332, and *Clapp*, 308 Kan. 976. In each case, we remanded to the district court for application of the proper law. In *Coleman*, we remanded to the district court "for a new probation violation hearing with directions to apply the law in effect when Coleman committed his offenses or crimes of convictions." *Coleman*, 311 Kan. at 337. And in *Clapp*, we remanded "for a new dispositional hearing to comply with K.S.A. 2014 Supp. 22-3716." *Clapp*, 308 Kan. at 991. At that hearing, the district court could "either impose an appropriate graduated sanction under K.S.A. 2014 Supp. 22-3716(c)(1)(A)-(D) or, in the alternative, may set forth with particularity its reasons for bypassing intermediate sanction[s] under K.S.A. 2014 Supp. 22-3716(c)(9), prior to ordering Clapp to serve his underlying sentence." *Clapp*, 308 Kan. at 991.

Likewise, here, we conclude harmless error cannot save the probation revocation. The district court judge must apply the proper legal standard.

We thus reverse the Court of Appeals holding on the single issue before us. We also reverse the district court and remand this appeal for reconsideration of the sanction for Wilson's probation violations. As in *Clapp*, the district court can either impose a

12

proper graduated sanction or set forth its reasons for bypassing the intermediate sanctions.

Judgment of the Court of Appeals affirming the district court is reversed on the single issue before us. Judgment of the district court is reversed, and the case is remanded with directions.