NOT DESIGNATED FOR PUBLICATION

No. 124,299

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SCOTT M. BLAKNEY,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; RODGER L. WOODS, judge. Opinion filed March 18, 2022.
Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and
(h).

Before HILL, P.J., POWELL and CLINE, JJ.

PER CURIAM: This is the summary disposition of Scott Blakney's appeal of the
revocation of his probation by the district court and its order sending him to prison. At his
request, we granted Blakney's motion for summary disposition of his appeal under
Supreme Court Rule 7.041A (2022 Kan. S. Ct. R. at 48).

Blakney pled guilty to one count of aggravated battery, a severity level 7 person
felony, committed in July 2020. In December 2020, he was sentenced to serve 25 months
in prison, suspended with 24 months' probation.

1

The State asked the court to revoke his probation for several reasons. At the revocation hearing, Blakney admitted the following probation violations:

- consuming methamphetamine in May 2021;
- failing to report to his intensive supervision officer;
- failing to obtain a domestic violence offender assessment;
- failing to complete anger management course;
- failing to obtain and maintain full-time employment;
- committing the offense of criminal possession of a firearm in June 2021;
- committing two offenses of possession of a controlled substance in June 2021;
- committing the offense of possession of marijuana in June 2021;
- committing the offense of possession of drug paraphernalia in June 2021;
- possession of methamphetamine; and
- possession of marijuana.

In spite of these admissions, Blakney asked the court to continue his probation so he could get drug treatment. The court acknowledged that Blakney had a drug problem, but also that he failed to comply with other terms and conditions of probation and that he had "a lot of issues at play." The court found he was not amenable to probation and that he had committed new crimes. The court revoked his probation and ordered him to serve his underlying sentence.

To us, Blakney argues revocation was unreasonable given his need for treatment and his willingness to pursue treatment options. He argues treatment would better address the underlying causes of his behavior than would incarceration.

We review a district court's revocation of an offender's probation for an abuse of discretion. *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020). A court's decision

to revoke a defendant's probation and order the defendant to serve the underlying sentence must be exercised within the statutory framework of K.S.A. 2020 Supp. 22-3716. A district court abuses its discretion when it does not follow the procedure set out in K.S.A. 2020 Supp. 22-3716. See *State v. Wilson*, 314 Kan. 517, 501 P.3d 885 (2022).

Under K.S.A. 2020 Supp. 22-3716(c), the district court may revoke an offender's probation after the offender has received at least one two- or three-day jail sanction or if the court finds an exception to the intermediate sanctioning scheme. One of those exceptions permits the court to revoke probation without having previously imposed a sanction if the offender committed a new felony or misdemeanor. K.S.A. 2020 Supp. 22-3716(c)(7)(C).

Once a probation violation and an exception to the intermediate sanction requirement are established, the district court has discretion in determining whether to continue the probation or to revoke and require the defendant to serve the underlying prison sentence. See *State v. Brown*, 51 Kan. App. 2d 876, 879-80, 357 P.3d 296 (2015).

Here, the district court did not make an error of law or fact. The court had the statutory authority to revoke Blakney's probation because he committed new crimes. And a reasonable person could agree with the district court's decision to revoke Blakney's probation. Blakney committed several new crimes. Several of his violations were related to his drug problem, but others were concerning due to his underlying aggravated battery conviction. He was found in possession of a firearm and had failed to complete the required domestic violence offender assessment and anger management course. The court recognized Blakney had "a lot of issues at play" in addition to his drug problem. The court's decision to impose Blakney's underlying sentence was reasonable.

Affirmed.