NOT DESIGNATED FOR PUBLICATION

No. 124,207

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MARQUES SINGLETARY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Geary District Court; COURTNEY D. BOEHM, judge. Opinion filed April 29, 2022. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and (h).

Before GARDNER, P.J., HILL and ISHERWOOD, JJ.

PER CURIAM: Marques Singletary appeals the revocation of his probation. We granted Singletary's motion for summary disposition of his appeal under Supreme Court Rule 7.041A (2022 Kan. S. Ct. R. at 48). Finding no abuse of discretion by the district court, we affirm.

After Singletary pled no contest, he was convicted of aggravated burglary, a severity level 4 person felony. He committed this crime in November 2019. At his sentencing hearing, Singletary apologized for his crime and explained that he did not have his medication at the time and he would "never do anything like that again." The

1

district court sentenced Singletary to 56 months in prison but granted a downward dispositional departure to 36 months' probation.

After he was arrested and charged with burglary of a vehicle, the State, in March 2021, alleged Singletary violated his probation by failing to remain crime free.

At the probation violation hearing, Singletary stipulated to the violation. He argued that he committed the theft when he ran out of his medication, he had given the victim his money back, and the victim did not want to press charges. The district court revoked Singletary's probation and ordered him to serve his original sentence for several reasons: he had committed a new crime; he was a threat to public safety because he had committed multiple burglaries; and his original sentence was the result of a dispositional departure.

Singletary timely appeals, claiming that revocation was unreasonable because he committed the new crime when he did not have access to his schizophrenia medication. He maintains that his psychiatrist was better equipped to address his underlying problem than incarceration. And he returned the property he had stolen, and the victim did not want him to face charges.

We review the district court's revocation of an offender's probation for an abuse of discretion. *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020). The district court's decision to revoke an offender's probation and order the offender to serve the underlying sentence must be exercised within the statutory framework of K.S.A. 2019 Supp. 22-3716. A district court abuses its discretion when it does not follow the procedure set out in K.S.A. 2019 Supp. 22-3716. See *State v. Wilson*, 314 Kan. 517, 523-24, 501 P.3d 885 (2022).

2

Under K.S.A. 2019 Supp. 22-3716(c), the district court may revoke an offender's probation after the offender has received at least one two- or three-day jail sanction or if the court finds an exception to the intermediate sanctioning scheme. The exceptions permit the court to revoke probation without having previously imposed a sanction if the court finds and sets forth with particularity the reasons for finding that the safety of members of the public would be jeopardized, the probation was originally granted as the result of a dispositional departure, or the offender committed a new felony or misdemeanor while on probation. K.S.A. 2019 Supp. 22-3716(c)(7)(A)-(C).

Once a probation violation and an exception to the intermediate sanction requirement are established, the district court has discretion to determine whether to continue the probation or to revoke and require the offender to serve the underlying prison sentence. See *State v. Brown*, 51 Kan. App. 2d 876, 879-80, 357 P.3d 296 (2015).

We find no error of law or fact. The district court had the statutory authority to revoke Singletary's probation because he committed a new crime and because his original sentence was the result of a dispositional departure. Also, a reasonable person could agree with the district court's decision to revoke Singletary's probation. The court had heard Singletary's excuse before. Singletary's explanation for having committed the underlying crime was his lack of access to his medication. He said at that time he would never do it again. But he continued to have the same problems with his medication and again committed burglary in response. The court's revocation of his probation was a reasonable response.

Affirmed.