NOT DESIGNATED FOR PUBLICATION

No. 124,680

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOEL DAVIS,
*Appellant*.


MEMORANDUM OPINION

Appeal from Rice District Court; MIKE KEELEY, judge. Opinion filed July 22, 2022. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 2021 Supp. 21-6820(g) and (h).


Before ARNOLD-BURGER, C.J., SCHROEDER and WARNER, JJ.


PER CURIAM: Joel Davis appeals the district court's decision to send him to prison to serve a probation violation sanction. We granted Davis' motion for summary disposition under Kansas Supreme Court Rule 7.041A (2022 Kan. S. Ct. R. at 48). The State did not respond. Nevertheless, we affirm the district court's ruling.


FACTUAL AND PROCEDURAL HISTORY

Davis pleaded no contest to one count of possession of methamphetamine, a severity level five drug felony. K.S.A. 2018 Supp. 21-5706(c)(1). At the time of this offense in June 2019, Davis was on probation for possession of methamphetamine in a separate case. Davis moved for dispositional departure, and the court granted the motion and sentenced Davis to 12 months' probation for the possession of methamphetamine

1

conviction. The court imposed the original prison sentence in the prior case and ordered Davis to serve 30 days in jail before starting probation in this case.

Davis subsequently served a three-day jail sanction. Thirteen months after the sentencing hearing, Davis signed an amended order of intensive supervised probation in which he acknowledged violating the terms of his probation and agreed to counseling and a six-month extension of his probation. Two months later, Davis failed a drug test for methamphetamine and admitted that he ingested methamphetamine; he was arrested. The court found that Davis violated his probation conditions when he changed his address without proper notification and when he ingested methamphetamine. Accordingly, the district court extended his probation term by 6 months and ordered him to serve 120 days in prison as a sanction under K.S.A. 2018 Supp. 22-3716(c)(1)(C).

ANALYSIS

On appeal, Davis argues that the district court abused its discretion in imposing a 120-day sanction.

Once a probation violation has been established, the decision to revoke probation is within the sound discretion of the district court. Likewise, if the issue is the propriety of the sanction imposed, we review the district judge's decision for an abuse of discretion. See *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020). The burden is on Davis to show that the district court abused its discretion. See *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018). A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Levy*, 313 Kan. 232, 237, 485 P.3d 605 (2021).

A district court commits a factual error if substantial competent evidence does not support the factual finding on which a prerequisite conclusion of law or the exercise of

discretion is based. *State v. Davis*, 312 Kan. 259, 276, 474 P.3d 722 (2020). Davis does not allege the district court committed any factual error. To the extent his abuse of discretion argument claims an error of fact, his argument fails.

A judge commits an error of law when the judge's discretion is guided by an erroneous legal conclusion. 312 Kan. at 276. Generally, the statute in effect when a crime was committed governs the defendant's penalties. *Coleman*, 311 Kan. at 337 (holding modification to K.S.A. 22-3716 was not controlling because it was not in effect when defendant committed crime). K.S.A. 2018 Supp. 22-3716(c)(1)(C) applies, because it was in effect in June 2019 when Davis committed the crime.

A district court has discretion to impose a 120-day sanction when it finds that a defendant has violated terms of probation and the district court has previously imposed an intermediate sanction. K.S.A. 2018 Supp. 22-3716(c)(1)(C). Under K.S.A. 2018 Supp. 22-3716(c)(1)(B), the district court may impose a two- or three-day jail sanction before imposing a 120-day sanction on an offender. See K.S.A. 2018 Supp. 22-3716(c)(1)(C); *State v. Wilson*, 314 Kan. 517, 522, 501 P.3d 885 (2022); *State v. Clapp*, 308 Kan. 976, 986-87, 425 P.3d 605 (2018). Here, the condition precedent was satisfied. Davis had served a three-day jail sanction. The district court did not commit an error of law.

Finally, a decision is unreasonable if no reasonable person would have taken the view adopted by the trial court. *Davis*, 312 Kan. at 276. Davis' commission of the same offense he was serving probation for made it reasonable for the district court to conclude that a 120-day prison sentence sanction was appropriate. A reasonable person could agree with the district court's decision. The district court's decision was neither arbitrary, fanciful, nor unreasonable.

For these reasons, we find that the district court did not abuse its discretion in imposing a 120-day prison sentence as a sanction for Davis.

Affirmed.