NOT DESIGNATED FOR PUBLICATION

Nos. 124,716
124,717

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SAMAUDRE J. COLEMAN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY SYRIOS, judge. Opinion filed September 2, 2022. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2021 Supp. 21-6820(g) and (h).

Before GARDNER, P.J., MALONE and CLINE, JJ.

PER CURIAM: Samaudre Coleman appeals the revocation of his probation and imposition of his underlying sentence in two Sedgwick County cases. We consolidated his appeals and granted his motion for summary disposition under Supreme Court Rule 7.041A (2022 Kan. S. Ct. R. at 48). Finding no abuse of discretion by the district court, we affirm.

In case number 20 CR 714, Coleman pleaded guilty to one count of forgery, a severity level 8 nonperson felony. In January 2021, the district court sentenced him to 18

1

months of probation with a 15-month underlying prison sentence. The court ordered Coleman to get a drug and alcohol evaluation and provide proof he attended treatment.

In case number 20 CR 1764, Coleman pleaded guilty to aggravated battery, a severity level 7 person felony. In June 2021, the district court sentenced Coleman to 24 months of probation with a 29-month underlying prison sentence, to be served consecutively to his sentence in 20 CR 714. Coleman was in the presumptive probation sentencing range in both cases.

At the same hearing, the court found Coleman had committed violations of his probation in 20 CR 714, including failure to report and failure to provide proof he attended treatment. The court warned Coleman that it was inclined to revoke his probation but it lacked a statutory basis to do so. The court imposed a three-day jail sanction and ordered Coleman to complete a residential program.

In September and October 2021, the State alleged Coleman committed 22 probation violations. Coleman stipulated to 18 of them, including positive urinalysis tests and not being in the place he was assigned to be in. The State presented evidence of two other violations: Coleman had signed out of the residential center for a medical appointment but failed to return; and police later found Coleman passed out on a porch of a vacant house with a pill bottle next to him and a disassembled firearm on his person. The district court found Coleman violated his probation by committing the crimes of aggravated escape from custody and criminal possession of a firearm.

Coleman asked the court to continue his probation so that he could have another opportunity to complete an inpatient treatment program. But the district court found that Coleman was a danger to the community for being found passed out on a porch with a gun, that structured supervision did not work, that Coleman had shown he was not going

to report, and that Coleman had violated the law. The court revoked Coleman's probation and imposed his underlying sentences in both cases.

Coleman timely appeals. He argues no reasonable person would have agreed with the district court's decision to revoke his probation when noncustodial treatment was better suited to address his substance abuse problem.

The district court's decision to revoke an offender's probation and order the offender to serve the underlying sentence must be exercised within the statutory framework of K.S.A. 2021 Supp. 22-3716. The court abuses its discretion when it does not follow the procedure set out in K.S.A. 2021 Supp. 22-3716. See *State v. Wilson*, 314 Kan. 517, 520-21, 501 P.3d 885 (2022).

Under K.S.A. 2021 Supp. 22-3716(c), the district court may revoke an offender's probation after the offender has received at least one two- or three-day jail sanction or if the court finds an exception to the intermediate sanctioning scheme. The exceptions permit the court to revoke probation without having previously imposed a sanction if the court finds and sets forth with particularity the reasons for finding that the safety of members of the public would be jeopardized, the probation was originally granted as the result of a dispositional departure, the offender committed a new felony or misdemeanor while on probation, or the offender absconded while on probation. K.S.A. 2021 Supp. 22-3716(c)(7)(A)-(D).

Once a probation violation and an exception to the intermediate sanction requirement are established, the district court has discretion to determine whether to continue the probation or to revoke and require the offender to serve the underlying prison sentence. The district court abuses its discretion if its decision is based on an error of fact or law, or if no reasonable person would agree with its decision. See *State v. Brown*, 51 Kan. App. 2d 876, 879-80, 357 P.3d 296 (2015).

3

Here, the district court made no error of law or fact. The court had the statutory authority to revoke Coleman's probation because he committed the crimes of aggravated escape from custody and criminal possession of a firearm while on probation. And a reasonable person could agree with the district court's decision to revoke Coleman's probation. Coleman committed 20 probation violations in 3 months. When the court gave him the opportunity for drug treatment, he signed himself out of the center and was found weeks later passed out with a pill bottle and a gun. The court's conclusion that Coleman would not be successful on probation was reasonable.

Affirmed.