NOT DESIGNATED FOR PUBLICATION

No. 127,784

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RONALD E. STANLEY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE BROWN, judge. Opinion filed August 22, 2025. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 21-6820(g) and (h).

Before GARDNER, P.J., COBLE and BOLTON FLEMING, JJ.

PER CURIAM: Ronald E. Stanley appeals the district court's order revoking his probation and imposing his underlying prison sentence of 25 months. This court granted Stanley's request for summary disposition of his appeal under Kansas Supreme Court Rule 7.041(b) (2025 Kan. S. Ct. R. at 48) in lieu of briefs. In addition, the State filed a response to the motion for summary disposition. After reviewing the record, we find the district court did not abuse its discretion. Thus, we affirm the district court's decision to revoke Stanley's probation and to order him to serve his underlying sentence.

1

On May 11, 2022, Ronald Stanley pled guilty to one count of aggravated domestic battery, a severity level 7, person felony. The district court sentenced Stanley on June 21, 2022. Based on Stanley's criminal history score of C, which placed him in a presumptive probation category, the district court sentenced Stanley to 25 months in prison, suspended his sentence, and placed him on 24 months of probation.

About eight months after sentencing, the district court issued an arrest warrant that alleged Stanley had violated his probation conditions by being unsuccessfully discharged from his cognitive skills class, failing to report to The Hope Panel, and failing to report to his Intensive Supervision Officer (ISO) on three separate occasions. Stanley was arrested on this warrant approximately nine months after it was issued. At his probation violation hearing on December 8, 2023, Stanley admitted to the alleged violations. The district court imposed a 3-day jail sanction with credit for time served and extended his probation for 24 months.

Approximately four months after Stanley's first probation revocation hearing, the court issued an arrest warrant that alleged Stanley committed technical probation violations and had been arrested for battery. Another arrest warrant issued a week later also alleged that Stanley had tested positive for THC. At his second probation revocation hearing, Stanley admitted to the THC violation, but requested a hearing on the remaining allegations. During the hearing, the district court heard testimony from Stanley, Stanley's ISO officer, and the victim of the April 2024 battery. After considering the evidence, the district court found that Stanley violated his probation a second time by committing the crime of battery, and by committing multiple technical violations.

The State recommended that the district court revoke Stanley's probation and impose the underlying sentence, arguing that he failed to meet the minimum requirements

of probation by failing to report to his ISO multiple times, attend mandatory treatment, pay costs, complete community service, and also because he committed a new crime. In response, Stanley requested that he be transferred to drug court to continue his probation and receive an additional "layer of supervision." If Stanley was not eligible for drug court, defense counsel proposed giving Stanley a 60-day jail sanction and continuing probation. Defense counsel explained that Stanley lost access to the person who could verify his community service hours and had difficulty setting up and paying for his treatment providers.

After hearing from both parties, the district court revoked Stanley's probation and imposed the underlying 25-month prison sentence. The district court reasoned that Stanley's anger issues and his failed attempts at probation—including committing a new crime while on probation—were enough to warrant a revocation. Stanley timely filed a notice of appeal.

ANALYSIS

On appeal, Stanley contends that the district court abused its discretion in revoking his probation and imposing the underlying sentence rather than reinstating probation. The decision to revoke probation involves two steps: (1) a factual determination that the probationer violated a condition of probation; and (2) a discretionary determination of the appropriate disposition in light of the proven violations. *State v. Horton*, 308 Kan. 757, 760-61, 423 P.3d 548 (2018). Once a probation violation is established, a district court has discretion to revoke probation and impose the original sentence unless the court is otherwise limited by statute. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022); see K.S.A. 22-3716 (requiring graduated sanctions before revocation in certain circumstances).

3

Stanley does not contest the district court's finding that he violated his probation, so that ruling is not at issue in this appeal. Instead, he contests the decision to revoke his probation, which we review for abuse of discretion. 315 Kan. at 328. Stanley bears the burden of showing the district court abused its discretion. *State v. Keys*, 315 Kan. 690, 708, 510 P.3d 706 (2022).

The Kansas Supreme Court has held that K.S.A. 22-3716 requires a district court to impose an intermediate sanction prior to revoking probation unless an exception applies. *State v. Wilson*, 314 Kan. 517, 521-22, 501 P.3d 885 (2022). There are four exceptions that allow a court to revoke probation without previously imposing an intermediate sanction: (1) if the court "finds and sets forth with particularity the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the offender will not be served by such sanction;" (2) if the offender received probation as the result of a dispositional departure; (3) if the offender committed a new felony or misdemeanor while on probation; or (4) if the offender absconded while on probation. K.S.A. 22-3716(c)(7). In this case, not only had the district court previously imposed an intermediate three-day sanction, but Stanley also committed a new crime while on probation.

Here, Stanley received probation after being convicted of aggravated domestic battery. But he subsequently violated the terms of his probation multiple times and was charged with the crime of battery for an incident that occurred while he was on probation. In revoking Stanley's probation, the district court stated that probation was no longer a viable option after Stanley had been given a previous quick-dip sanction and committed a new offense while on probation. Stanley has not shown that no reasonable person would agree with the district court's decision to revoke. We therefore find the district court did not abuse its discretion.

Affirmed.