NOT DESIGNATED FOR PUBLICATION

No. 128,357

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JODY ALLAN GUMFORY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Lyon District Court; W. LEE FOWLER, judge. Opinion filed August 29, 2025. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 21-6820(g) and (h).

Before ISHERWOOD, P.J., SCHROEDER and PICKERING, JJ.

PER CURIAM: Jody Allan Gumfory appeals the district court's revocation of his probation and imposition of his underlying 30-month prison term. This court granted Gumfory's request for summary disposition of his appeal under Kansas Supreme Court Rule 7.041A (2025 Kan. S. Ct. R. at 48). Our review of the record on appeal yielded no indication of error; accordingly, the decision of the district court is affirmed.

In May 2024, Gumfory pleaded no contest to one count of possession of methamphetamine. The district court sentenced him to serve 30 months in prison but suspended the sentence in favor of 18 months of probation.

1

A short time later, the State filed a bench warrant alleging that Gumfory violated his probation. Listed among the violations were Gumfory's failure to report as directed; to refrain from the possession or consumption of alcohol or illegal drugs; to submit to testing for the use of impermissible substances; and to obtain or complete evaluations for mental health and drug/alcohol as directed. Gumfory stipulated to the violations, and the district court ordered him to serve a three-day jail sanction.

The State filed a second warrant not long after to allege that Gumfory again violated his probation by failing to report to community corrections as directed; to adhere to his curfew; to submit to substance use testing; and to obtain and complete mental health evaluation/treatment and drug and alcohol evaluation/treatment as directed.

At the revocation hearing, the State informed the district court that it had exhausted all available resources to keep Gumfory on probation so revocation with imposition of his underlying prison term was now warranted. Gumfory countered that he failed to report as directed because he lost the card that contained the dates of his appointments, and he broke his curfew because he had to retrieve his phone from a friend and that was the only time the person was available. Gumfory also explained that he suffered from substance abuse issues. He implored the district court to afford him another opportunity at probation. The district court was not persuaded and ordered Gumfory to serve his 30-month prison term.

On appeal, Gumfory contends that the district court erred when it refused to reinstate his probation. We review a district court's decision to revoke probation for abuse of discretion. *State v. Bennett*, 36 Kan. App. 2d 381, 384, 138 P.3d 1284 (2006). "A party asserting an abuse of discretion bears the burden of showing the district judge's decision was (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact." *State v. Alvarado-Meraz*, 321 Kan. ___, Syl. ¶ 1, 2025 WL 2180408 (2025). Gumfory has not identified any legal or factual errors purportedly committed by

the district court. Thus, we will only consider whether its revocation of Gumfory's probation and imposition of his underlying sentence was unreasonable.

When deciding whether or not to revoke probation the district court must complete two steps: (1) determine whether it has been shown, by a preponderance of the evidence, that the probationer violated the terms and conditions of their probation; and (2) identify the appropriate disposition in light of the proved violations. *State v. Horton*, 308 Kan. 757, 760-61, 423 P.3d 548 (2018). Once a probation violation is established, a district court has discretion to revoke probation and impose the original sentence unless the court is otherwise limited by statute. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022).

K.S.A. 22-3716 requires a district court to impose an intermediate sanction prior to ordering a probationer to serve their prison term unless an exception applies. *State v. Wilson*, 314 Kan. 517, 521-22, 501 P.3d 885 (2022). Here, the district court ordered Gumfory to serve a three-day jail term as a sanction for the probation violations he committed within a very short time of being placed on probation.

The district court concluded that Gumfory simply was not a good candidate for probation, and the record substantiates that conclusion. Gumfory committed a multitude of violations very soon after his probation term began, and several of the provisions he violated are critical to the rehabilitative component of probation. Namely, reporting to his probation officer, participating in the requisite testing for drug and alcohol consumption, and tending to his mental health needs. Gumfory was again found to be in violation of his probation within a relatively brief time thereafter and for many of the same reasons. He persisted in not reporting and neglected to address any mental health issues or possible chemical dependency he might be experiencing.

It is apparent from the record that Gumfory was either unwilling or unable to make the terms and conditions of his probation a priority, even after receiving a wake-up call in

3

the form of a three-day jail sanction. We are not persuaded that the district court's revocation of Gumfory's probation and directive to serve his underlying prison term was one no reasonable person would agree with under the circumstances.

Affirmed.