NOT DESIGNATED FOR PUBLICATION

No. 129,224

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JUSTIN ALLAN HAZEL,
*Appellant*.

MEMORANDUM OPINION

Appeal from Greeley District Court; BRADLEY AMBROSIER, judge. Opinion filed February 6, 2026. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 21-6820(g) and (h).

Before WARNER, C.J., HURST and BOLTON FLEMING, JJ.

PER CURIAM: Justin Allan Hazel appeals the district court's decision revoking his probation and ordering him to serve his 12-month prison sentence. We granted Hazel's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2025 Kan. S. Ct. R. at 48). After carefully reviewing the record, we find that the district court did not abuse its discretion in revoking Hazel's probation. Accordingly, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In August 2021, Hazel pled no contest to aggravated domestic battery, a severity level 7 person felony. On October 7, 2021, Hazel was sentenced to a 12-month prison sentence which was suspended, and he was placed on 24 months of probation.

1

On August 29, 2023, the State filed a motion to revoke Hazel's probation, alleging "Defendant failed to report to Court Services to activate his probation as ordered on October 7, 2021." At the probation violation hearing on December 11, 2023, Hazel stipulated that he violated his probation. The district court ordered a 2-day jail sanction and extended Hazel's probation for a new 24-month term.

On February 19, 2025, the State filed a second motion to revoke probation. The State alleged that Hazel (1) failed to report to his court services officer; (2) tested positive for illegal drugs; (3) failed to make any required monthly payments; and (4) stated to his court services officer that he "would like to see his ex-wife 6 feet under."

On May 6, 2025, a probation violation hearing was held. The State called two court services officers as witnesses—Menesis Navarro and Rae Ives. Navarro testified that Hazel failed to report to court services as required. Navarro also stated that during random urinalysis testing, Hazel tested positive for methamphetamine and admitted to using the same.

Court Services Officer Rae Ives testified that he also conducted random urinalysis testing that indicated Hazel used methamphetamine. Ives stated that Hazel orally admitted to using methamphetamine and signed a written admission of use. Ives also testified that Hazel failed to make required monthly payments toward his court costs. Ives recalled that Hazel explained to him that he could not make payments at the district court because the victim, his ex-wife, worked there as a clerk and a no-contact order was in place. Ives testified that in response, he provided Hazel with a card and instructions for making payments without entering the courthouse, but Hazel still failed to make any payments. Ives testified that during these conversations about payments, Hazel told him that his ex-wife was ruining his life and that he wished she was "6 feet under."

At the conclusion of the probation violation hearing, Hazel's attorney did not contest that Hazel had violated the terms of his probation. Hazel asked that rather than ordering him to serve his prison sentence, the district court increase his supervision to community corrections and extend his probation for 24 months.

Instead, the district court revoked Hazel's probation and ordered him to serve his 12-month prison sentence. As part of that decision, the district court judge stated, "I will find under the facts that have been presented in this court hearing that there is a community safety issue regarding the threats that have been made, specifically make that finding, going along with the other findings of the Court."

Hazel timely appeals.

ANALYSIS

On appeal, Hazel contends that the district court abused its discretion in revoking his probation. The decision to revoke probation involves two steps: (1) a factual determination that the probationer violated a condition of probation; and (2) a discretionary determination of the appropriate disposition in light of the proven violations. *State v. Horton*, 308 Kan. 757, 760-61, 423 P.3d 548 (2018).

Once a probation violation has been established, a district court has discretion to revoke probation and impose the underlying sentence unless otherwise provided by statute. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022); see K.S.A. 22-3716 (requiring graduated sanctions before revocation in certain circumstances). Appellate courts review a district court's decision to revoke probation for an abuse of discretion. *Tafolla*, 315 Kan. at 328. A district court abuses its discretion if its decision is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. *State v. Bilbrey*, 317 Kan. 57, 63, 523 P.3d 1078 (2023).

3

Hazel does not contest the district court's finding that he violated his probation, so that ruling is not at issue on appeal. Instead, he contests the district court's decision to revoke his probation. Hazel bears the burden of showing the district court abused its discretion. See *State v. Keys*, 315 Kan. 690, 708, 510 P.3d 706 (2022).

The Kansas Supreme Court has held that the statutory framework of K.S.A. 22-3716 requires a district court to impose an intermediate sanction prior to revoking probation unless an exception applies. *State v. Wilson*, 314 Kan. 517, 521-22, 501 P.3d 885 (2022). Here, the district court complied with the statutory framework when it imposed a two-day jail sanction at his first probation violation hearing. Because Hazel continued to violate his terms of probation after receiving an intermediate sanction, the court had discretion under K.S.A. 22-3716(c)(1)(C) to revoke his probation and order Hazel to serve his prison sentence.

Even if Hazel had not previously been ordered to serve an intermediate sanction, the district court was within its authority to order Hazel to serve his sentence. A district court may revoke probation without first ordering a sanction when the safety of the public would be jeopardized by a sanction:

> "(7) The court may revoke the probation, assignment to a community correctional services program, suspension of sentence or nonprison sanction of an offender pursuant to subsection (c)(1) without having previously imposed a sanction pursuant to subsection (c)(1) if:
> (A) The court finds and sets forth with particularity the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the offender will not be served by such sanction . . . ." K.S.A. 22-3716(c)(7)(A).

To utilize the public safety exception, a district court must specifically state how the public's safety would be jeopardized by an intermediate sanction. *State v. McFeeters*, 52 Kan. App. 2d 45, 49, 362 P.3d 603 (2015). Whether the district court sufficiently

particularizes its reasons is a question of law over which this court has unlimited review. 52 Kan. App. 2d at 47-48.

Here, the district court relied on a court services officer's testimony at the probation revocation hearing that Hazel stated he wished to see his wife "six feet under." Referencing this as a threat, the district court found that a sanction was not appropriate and Hazel's continuation on probation would jeopardize public safety. We find that where the district court references a threat made by a defendant that he wishes his ex-wife was "six feet under," such statement satisfies the specificity requirement under K.S.A. 22-3716(c)(7)(A).

Hazel has failed to show that no reasonable person would agree with the district court's decision to order him to serve his prison sentence. Hazel was given a two-day sanction as part of his prior probation revocation proceeding, and even if there had been no prior sanction, the district court properly relied upon Hazel's threat toward his ex-wife to invoke the public safety provision of K.S.A. 22-3716(c)(7)(A). Accordingly, the district court did not abuse its discretion in revoking Hazel's probation and requiring him to serve his prison sentence.

Affirmed.