IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 115,051

STATE OF KANSAS,
*Appellee*,

v.

DAMON HORTON,
*Appellant.*

SYLLABUS BY THE COURT

A motion to correct an illegal sentence, pursuant to K.S.A. 22-3504(1), cannot be used to collaterally attack a district court's evidentiary finding that a defendant violated the terms and conditions of probation.

Review of the judgment of the Court of Appeals in an unpublished opinion filed October 7, 2016. Appeal from Leavenworth District Court; DAN K. WILEY, judge. Opinion filed August 17, 2018. Judgment of the Court of Appeals affirming the district court is affirmed. Judgment of the district court is affirmed.

*Christina M. Kerls*, of Kansas Appellate Defender Office, was on the briefs for appellant.

*Todd Thompson*, county attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

JOHNSON, J.: Damon Horton seeks review of the Court of Appeals' decision to affirm the district court's summary denial of his motion to correct an illegal sentence

under K.S.A. 22-3504. The motion challenged the revocation of his probation over 16 years earlier. Horton contends that the evidence at the probation revocation hearing did not support the district court's finding that he violated the conditions of his probation. Therefore, he argues, the ensuing imposition of his original prison sentence did not comply with the statutory provisions of K.S.A. 22-3716, rendering that probation violation sentence illegal.

Because a motion to correct an illegal sentence cannot be used to collaterally attack a district court's evidentiary finding that a defendant violated the terms and conditions of probation, we affirm the Court of Appeals' affirmance of the district court's summary denial.

FACTUAL AND PROCEDURAL OVERVIEW

Horton pled guilty to residential burglary and felony theft. At his November 23, 1998 sentencing hearing, the district court was aware that Horton had other charges pending and sentenced him to probation with the understanding he would serve the first part of his probation in jail on the other charges.

On December 29, 1998, the State moved to revoke Horton's probation on the grounds that Horton violated his probation by failing to report as directed. The affidavit in support of the motion stated, "Mr. Horton has not reported to his [Court Services Officer] CSO since November 20, 1998." The transcript of the hearing on the motion to revoke probation is not included in the record on appeal. The journal entry revoking probation states that Horton stipulated to failing to report as directed and that there was sufficient evidence and grounds for the court to consider revoking Horton's probation on this basis.

2

Many years later, on June 29, 2015, Horton filed a pro se K.S.A. 22-3504 motion to correct an illegal sentence in the district court. He argued that the district court had erred in revoking his probation for failing to report as directed because it was impossible for him to report as required when he was incarcerated for other offenses.

The district court summarily dismissed Horton's motion, noting that "[a]t that [probation revocation] hearing, the Defendant stipulated to the violation of probation, therefore, the Court imposed the underlying sentence." Moreover, the district court noted that Horton did not assert that the sentences originally pronounced by the sentencing court were illegal, but instead asserted that his probation revocation was illegal. The district court reasoned that the Court of Appeals had made clear that a violation of K.S.A. 22-3716 is unlikely to ever result in an illegal sentence. Further, the district court found Horton did not assert one of the permissible grounds for finding a sentence illegal, i.e., that the sentencing court lacked jurisdiction, that his original sentence did not conform to the applicable statute, or that the sentence was ambiguous.

Horton appealed the summary denial to the Court of Appeals, arguing his probation revocation was illegal because no valid probation violation had been established. He asserted that, because the revocation of his probation was not authorized by K.S.A. 22-3716, the resulting sentence was illegal.

The Court of Appeals rejected Horton's argument, reasoning that Horton was not claiming that the district court improperly sentenced him under the burglary or theft statutes and that the district court's noncompliance with K.S.A. 22-3716 does not render the underlying sentence illegal under K.S.A. 22-3504. *State v. Horton*, No. 115,051, 2016 WL 5867237, at *3 (Kan. App. 2016) (unpublished opinion). This court granted Horton's petition for review.

MOTION TO CORRECT AN ILLEGAL SENTENCE

*Standard of Review*

Whether a sentence is illegal within the meaning of K.S.A. 22-3504 is a question of law subject to unlimited review. *State v. Wood*, 306 Kan. 283, 284, 393 P.3d 631 (2017). Additionally, to the extent the resolution of Horton's claims requires statutory interpretation, we are presented with a question of law subject to unlimited review. *State v. Skolaut*, 286 Kan. 219, 227, 182 P.3d 1231 (2008).

*Analysis*

"While a sentence that is illegal under K.S.A. 22-3504 may be corrected at any time, the circumstances under which a sentence is deemed illegal for K.S.A. 22-3504 purposes are narrowly and specifically defined." *State v. Swafford*, 306 Kan. 537, 540-41, 394 P.3d 1188 (2017). This court has defined an "illegal sentence" under K.S.A. 22-3504 as: (1) a sentence imposed by a court without jurisdiction; (2) a sentence that does not conform to the applicable statutory provision, either in character or the term of authorized punishment; or (3) a sentence that is ambiguous with respect to the time and manner in which it is to be served. *State v. Trotter*, 296 Kan. 898, 902, 295 P.3d 1039 (2013).

On May 18, 2017, the Legislature amended K.S.A. 22-3504 to, *inter alia*, add a statutory definition of the term "illegal sentence" that closely tracks this court's definition. Horton's supplemental brief discusses this statutory codification as though it applies here, without discussing the threshold question of whether the 2017 amendments apply to his 2015 motion. Nevertheless, the applicability of the amendment is of no consequence here; Horton is not entitled to relief under either version of the statute.

4

As noted above, Horton is not contesting the legality of his original underlying sentence for residential burglary and felony theft. Instead, he contends that it was illegal to make him serve that originally imposed sentence for a probation violation that the State failed to prove. His reasoning is that, without a valid violation of the conditions of his probation, the district court's order for him to serve his underlying sentence did not conform to the applicable statutory provision, i.e., K.S.A. 22-3716, and that such a failure to conform to statutory provisions renders the revocation sentence illegal.

The Court of Appeals rejected Horton's motion, relying in part on *State v. Edwards*, 281 Kan. 1334, 1337, 135 P.3d 1251 (2006), which stated that the "statutory provision" referred to in the caselaw definition of an illegal sentence under K.S.A. 22-3504(1) is "the statute defining the crime and assigning the category of punishment to be imposed." Accordingly, the panel opined that noncompliance with the probation revocation statute, K.S.A. 22-3716, did not fit the definition of an illegal sentence. The panel also cited to *State v. Howell*, No. 111,746, 2015 WL 2414407 (Kan. App.) (unpublished opinion), *rev. denied* 302 Kan. 1015 (2015), and *State v. Clapp*, No. 112,842, 2016 WL 1169418 (Kan. App. 2016) (unpublished opinion), *rev. granted* 306 Kan. 1322 (2017), in which other panels of the Court of Appeals relied on *Edwards'* limiting language to hold that a disposition following a probation violation under the respective versions of K.S.A. 22-3716 could not fit within the definition of an illegal sentence for K.S.A. 22-3504(1) purposes. *Horton*, 2016 WL 5867237, at *2.

Horton's claim, however, attacks a different step in the probation revocation process. *Howell* and *Clapp* each involved a challenge to the disposition the district court imposed *after* the court had found a probation violation; neither appellant in those cases quibbled about whether a violation of probation conditions had occurred. Horton, on the other hand, claims that the district court's error was initially finding a probation violation; beyond challenging the district court's authority to revoke probation, he does not quibble about the disposition decision to impose the underlying original sentence. We opined in

5

*Skolaut* that K.S.A. 22-3716(b) reflects the United States Supreme Court's recognition that there are "two distinct stages in the area of probation revocation":

> "'In identifying the procedural requirements of due process, we have observed that the decision to revoke probation typically involves two distinct components: (1) a retrospective factual question *whether the probationer has violated a condition of probation;* and (2) a discretionary determination by the sentencing authority *whether violation of a condition warrants revocation of probation.* See *Gagnon* [*v. Scarpelli,* 411 U.S. 778, 784, 93 S. Ct. 1756, 36 L. Ed. 2d 656 (1973).]' (Emphasis added.) [*Black v. Romano*], 471 U.S. 606, 611, 105 S. Ct. 2254, 85 L. Ed. 2d 636 (1985).

> . . . .

> "While the violation stage, *i.e.,* guilt determination, is separate from the revocation stage, *i.e.,* penalty determination, the statute makes clear that revocation is merely one type of disposition available." 286 Kan. at 227-28.

The two-step probation revocation process is analogous to the conviction and sentencing process. First, guilt is established and then the disposition is imposed. In the conviction/sentencing process we have repeatedly and explicitly held that a K.S.A. 22-3504 motion to correct an illegal sentence is not a mechanism that a defendant is permitted to use to seek reversal of a conviction. See, e.g., *State v. Nash*, 281 Kan. 600, 602, 133 P.3d 836 (2006) ("In essence, the defendant is seeking to use the correction of an illegal sentence statute as the vehicle for a collateral attack on a conviction. Such relief is not available under K.S.A. 22-3504."). In other words, an erroneous conviction does not render the ensuing sentence illegal if that sentence is appropriate for the crime for which the defendant was convicted. In that instance, any relief must emanate from an attack on the improper conviction, not on the proper sentence.

The same rationale obtains in the probation violation scenario. If we do not allow a defendant to challenge his or her conviction of a crime under K.S.A. 22-3504, it follows that a probation violator cannot use K.S.A. 22-3504 to collaterally attack the district court's guilt determination at a probation violation hearing. A revoked probationer must directly attack the factual determination that a probation violation occurred, rather than working backward from the disposition. Here, under the version of K.S.A. 22-3716 applicable to Horton, the district court's imposition of the original underlying sentence was unquestionably legal—and appropriate—based upon the district court's evidentiary finding that Horton violated the conditions of his probation. See K.S.A. 22-3716(b) (Furse 1995) ("[I]f the violation is established, the court may continue or revoke the probation . . . and may require the defendant to serve the sentence imposed . . . ."). Consequently, a motion to correct an illegal sentence was simply unavailing. The district court did not err by summarily denying Horton's claim, and the Court of Appeals did not err in affirming the district court.

Affirmed.