NOT DESIGNATED FOR PUBLICATION

No. 121,705

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RANDY NEIL BARBER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; PATRICK H. THOMPSON, judge. Opinion filed July 31, 2020.
Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2019 Supp. 21-6820(g) and
(h).

Before GREEN, P.J., ATCHESON and GARDNER, JJ.

PER CURIAM: Randy Neil Barber appeals the revocation of his misdemeanor probation in Saline County case No. 18 CR 669 and his felony probation in Saline County case No. 18 CR 945. In this consolidated appeal, Barber argues that the trial court abused its discretion by revoking his probation in both cases. Upon docketing his appeal with this court, Barber moved for summary disposition under Supreme Court Rule 7.041A (2020 Kan. S. Ct. R. 47). The State agreed briefing was unnecessary because Barber's argument did not present a substantial question for the court to decide. Thus, we granted Barber's motion for summary disposition. Because Barber's argument is unpersuasive, we affirm the revocation of his probation in both cases.

1

In Saline County case No. 18 CR 669, the State charged Barber with one count of criminal carrying of a weapon, in violation of K.S.A. 2018 Supp. 21-6302(a)(2). In No. 18 CR 945, police found Barber in possession of methamphetamine on November 16, 2018. The State charged Barber with one count of unlawful possession of a controlled substance, in violation of K.S.A. 2018 Supp. 21-5706(a), (c)(1). In December 2018, Barber pleaded guilty in both cases. For criminal carrying of a weapon, the trial court sentenced Barber to 12 months in the Saline County Jail, suspended imposition of that sentence, and placed Barber on probation for 12 months. For possession of a controlled substance, the Kansas Sentencing Guidelines provided a presumptive prison sentence between 37 and 42 months. The court granted a downward dispositional departure and sentenced Barber to 12 months' probation with an underlying sentence of 40 months' imprisonment plus 12 months of postrelease supervision. The court ran both sentences concurrent.

Later, the State sought to revoke Barber's probation in both cases. The State alleged that Barber had failed to (1) abide by curfew; (2) report as directed; (3) submit to urinalysis or other drug/alcohol testing; (4) obtain substance abuse evaluation and follow its recommendations; and (5) comply with sanctions. At his probation violation hearing in July 2019, Barber stipulated to the facts of the State's motions to revoke probation. Barber requested a 60-day jail sanction followed by substance abuse treatment, rather than the imposition of prison sentences. The State argued that Barber was not willing to complete treatment and abide by the conditions of probation and, therefore, recommended imposition of the underlying prison sentences. The trial court found that Barber's testimony and his probation officer's testimony established that Barber would not successfully complete probation. Thus, the court ordered that Barber serve his underlying sentences as originally imposed.

Barber timely appeals the trial court's decision to revoke his probation in both cases. Appellate courts review probation revocation challenges for an abuse of discretion.

See *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020). A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018).

On appeal, Barber argues that the trial court abused its discretion by revoking his probation and imposing his underlying prison sentence rather than giving him a 60-day jail sanction before releasing him back onto probation. A trial court's decision to revoke probation typically involves two distinct components:  (1) a retrospective factual question whether the probationer has violated a condition of probation and (2) a discretionary determination by the sentencing authority whether violation of a condition warrants revocation of probation. *State v. Horton*, 308 Kan. 757, 761, 423 P.3d 548 (2018).

K.S.A. 2018 Supp. 22-3716(c)(9)(B) permits the court to revoke probation if the probation was originally granted as the result of a dispositional departure. The trial court here granted Barber a downward departure for his felony possession of a controlled substance. Because Barber's crime of conviction was committed after July 1, 2017, the trial court was not required to impose intermediate sanctions before revoking his probation. See *Coleman*, 311 Kan. at 337. The trial court's decision to revoke probation was not based on an error of law, and Barber does not allege that it was either unreasonable or based on an error of fact. And so, the trial court did not abuse its discretion in revoking Barber's probation and ordering him to serve the underlying prison sentences.

Affirmed.