NOT DESIGNATED FOR PUBLICATION

No. 122,382

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MILES J. TAYLOR,
*Appellant*.

MEMORANDUM OPINION

Appeal from Miami District Court; AMY L. HARTH, judge. Opinion filed September 4, 2020.
Affirmed.

Submitted by the parties for summary disposition under K.S.A. 2019 Supp. 21-6820(g) and (h).

Before GREEN, P.J., ATCHESON and BRUNS, JJ.

PER CURIAM: Miles J. Taylor appeals from the district court's decision revoking his probation and ordering him to serve his underlying prison sentence. In this appeal, Taylor contends that the district court abused its discretion in revoking his probation after multiple violations and in imposing his underlying sentence. We granted Taylor's motion for summary disposition under Supreme Court Rule 7.041A (2020 Kan. St. Ct. R. 47). Based on our review of the record, we do not find that the district court abused its discretion. Thus, we affirm the district court's decision.

1

FACTS

On March 28, 2013, Taylor pled guilty to one count of forgery. The district court subsequently sentenced Taylor to 12 months' imprisonment suspended to probation for 18 months. Over the next few years, Taylor violated the conditions of his probation on five separate occasions. After the first four probation revocations, the district court reinstated and extended Taylor's probation on each occasion. The district court also ordered Taylor to serve 30-day jail sanctions on two different occasions.

At a probation revocation hearing held on December 12, 2019, Taylor admitted that he had once again violated probation. On this occasion, Taylor stipulated to failing to meet with his intensive supervision officer (ISO) and failing to make payments as required. Because Taylor continually failed to comply with the terms of his probation after being given multiple opportunities to do so, the district court revoked his probation and ordered him to serve his underlying sentence.

Thereafter, Taylor filed a timely notice of appeal.

ANALYSIS

On appeal, Taylor contends that the district court abused its discretion when it revoked his probation and reinstated his underlying sentence. At his fifth and final probation revocation hearing, Taylor's counsel claimed that his client had been unable to make all of the payments in the case because he was on parole in another case and was in school. Taylor also claimed that he failed to meet with his ISO as directed because transportation was a problem for him. As such, Taylor argues that the district court abused its discretion by failing to give him another chance at probation.

K.S.A. 2019 Supp. 22-3716 governs the procedure for revoking a defendant's probation. Once a district court has determined by a preponderance of the evidence that a defendant has violated the conditions of his or her probation, the decision to revoke probation rests in the sound discretion of the district court. See *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008); *State v. Reeves*, 54 Kan. App. 2d 644, 648, 403 P.3d 655 (2017). Judicial discretion is abused when no reasonable person would have taken the action of the district court because it was arbitrary, fanciful or unreasonable; or when the action was based on an error of law or an error of fact. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018). The defendant—in this case Taylor—bears the burden of showing such abuse of discretion. *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

A district court's decision to revoke probation typically involves two distinct steps: (1) a retrospective factual question whether the probationer has violated a condition of probation; and (2) a discretionary determination by the sentencing authority whether violation of a condition warrants revocation of probation. *State v. Horton*, 308 Kan. 757, 761, 423 P.3d 548 (2018). Here, Taylor stipulated to violating the terms of his probation, so we turn to the second step.

A review of the record reveals that the district court previously revoked and reinstated Taylor's probation on four occasions. In addition, the district court had imposed intermediate sanctions on two prior occasions. As such, we find that the district court gave Taylor numerous opportunities to comply with the terms of his probation but he failed to do so. As such, we conclude that the district court did not abuse its discretion in revoking Taylor's probation or in requiring him to serve his underlying sentence. Under these circumstances, the district court acted within its discretion. See *Skolaut*, 286 Kan. at 227-29.

In summary, we find the district court's decision to revoke Taylor's probation and to require him to serve his underlying sentences to be reasonable. Likewise, we do not find that the district court made an error of law or fact. Accordingly, we conclude that the district court did not abuse its discretion, and we affirm its decision.

Affirmed.