NOT DESIGNATED FOR PUBLICATION

Nos. 122,403
122,404

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

EUGENE VANN BLACK,
*Appellant*.

MEMORANDUM OPINION

Appeal from Barton District Court; CAREY L. HIPP, judge. Opinion filed September 4, 2020. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 2019 Supp. 21-6820(g) and (h).

Before GREEN, P.J., ATCHESON and BRUNS, JJ.

PER CURIAM: Eugene Vann Black appeals from the district court's decision to revoke his probation and order him to serve his underlying prison sentences in two criminal cases. In this consolidated appeal, Black contends that the district court abused its discretion by revoking his probation in both cases and in imposing his underlying sentences. Upon docketing his appeal with this court, Black moved for summary disposition under Supreme Court Rule 7.041A (2020 Kan S. Ct. R. 47). In response, the State agreed that summary disposition was appropriate. As a result, we granted Black's motion for summary disposition. Based on our review of the record, we do not find that the district court erred in revoking Black's probation in these cases. Thus, we affirm the district court's decision.

1

On September 28, 2017, Black pled no contest to one count of possession of methamphetamine in Case No. 17CR302. The district court granted Black's request for a dispositional departure and sentenced Black to 34 months in prison suspended to probation for 12 months. About six months later, on April 19, 2018, Black pled guilty to one count of possession of methamphetamine with intent to distribute within 1000 feet of school property in Case No. 18CR178. The district court again granted Black's request for a dispositional departure and sentenced Black to 40 months in prison suspended to probation for 18 months.

At a probation hearing held on January 28, 2019, the district court found that Black had violated the terms of his probation in case No. 17CR302. As a result, the district court ordered Black to serve a 120-day intermediate sanction and reinstated his probation. At a second revocation hearing held on October 25, 2019, Black stipulated that he had violated the terms of his probation in both case No. 17 CR302 and case No. 18CR178 by failing to meet with his intensive supervision officer (ISO) and for testing positive for methamphetamine. Although Black denied knowingly ingesting methamphetamine, he stipulated to the positive test result. At the conclusion of the hearing, the district court revoked Black's probation and imposed his underlying sentences.

Thereafter, Black timely filed a notice of appeal.

ANALYSIS

On appeal, Black contends that the district court abused its discretion by requiring him to serve his underlying sentences following the revocation of his probation. Judicial discretion is abused only if (1) no reasonable person would take the view adopted by the

district court; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Schaal*, 305 Kan. 445, 449, 383 P.3d 1284 (2016). The party asserting the district court abused its discretion—in this case Black—bears the burden of showing such abuse of discretion. *State v. Smith-Parker*, 301 Kan. 132, 161, 340 P.3d 485 (2014).

K.S.A. 2019 Supp. 22-3716 governs the procedure for revoking a defendant's probation. Once a district court has established by a preponderance of the evidence that a defendant has violated the conditions of his or her probation, the decision to revoke probation rests in the sound discretion of the district court. See *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008); *State v. Reeves*, 54 Kan. App. 2d 644, 648, 403 P.3d 655 (2017). A district court's decision to revoke probation typically involves two distinct steps: (1) a retrospective factual question whether the probationer has violated a condition of probation; and (2) a discretionary determination by the sentencing authority whether violation of a condition warrants revocation of probation. *State v. Horton*, 308 Kan. 757, 761, 423 P.3d 548 (2018).

Here, Black stipulated to violating the terms of his probation. So we turn to the second step. K.S.A. 2019 Supp. 22-3716(c)(7)(B) permits the district court to revoke probation if the probation was originally granted as the result of a dispositional departure. In Black's underlying criminal cases, the district court granted him a dispositional departure to probation although he was facing presumptive prison sentences. Although the district court granted Black an intermediate sanction and reinstated the terms of probation after his initial violation, it was not required to do so since Black's crimes were committed after July 1, 2017. See *State v. Coleman*, 311 Kan. 332, 337, 460 P.3d 828 (2020).

We find nothing in the record to show that the district court abused its discretion in revoking Black's probation or in imposing his underlying sentences. Moreover, Black fails to provide any reason in support of his claim that the district court abused its

discretion. Here, Black failed to comply with the terms of his probation even after his probation was reinstated following his first violation.

In summary, we find the district court's decision to revoke Black's probation and to require him to serve his underlying sentences to be reasonable. Likewise, we do not find that the district court made an error of law or fact. Accordingly, we conclude that the district court did not abuse its discretion, and we affirm its decision.

Affirmed.