NOT DESIGNATED FOR PUBLICATION

No. 126,649

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DARREN JAMEL BOBO,
*Appellant*.

MEMORANDUM OPINION

Appeal Saline District Court; AMY NORTON, judge. Opinion filed October 11, 2024. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 21-6820(g) and (h).

Before HURST, P.J., ISHERWOOD and PICKERING, JJ.

PER CURIAM:  Darren Jamel Bobo pleaded no contest to one count of felony theft and five counts of misdemeanor theft in separate cases. The district court granted Bobo's request for a downward dispositional departure and placed him on probation. Bobo struggled to adhere to his probation obligations and, following his second set of violations, the district court revoked his probation and imposed his underlying sentences. Bobo appeals, claiming the district court's imposition of his prison term for mere technical violations was unreasonable. This court granted Bobo's unopposed motion for summary disposition of his appeal under Supreme Court Rule 7.041A (2024 Kan. S. Ct. R. at 48). We have carefully reviewed the record, along with Bobo's claims, and conclude he has failed to establish that the district court's determination as to disposition amounted to an abuse of discretion. Accordingly, the decision of the district court is affirmed.

1

In August 2022, the State charged Bobo with one count of felony theft in case 22-CR-733. Two months later, Bobo pleaded no contest to the felony theft charge and four misdemeanor theft charges, that arose out of four separate cases, in exchange for the State agreeing to recommend probation. Prior to sentencing, Bobo pleaded no contest to another misdemeanor theft charge.

Bobo was classified as a presumptive prison offender due to his criminal history. At sentencing, the district court granted Bobo's motion for a dispositional departure and placed him on probation for 24 months, finding his offenses "were at least in part motivated by addiction issues that can be better addressed through treatment in the community." Bobo was sentenced to underlying prison terms of 14 months for the felony theft conviction and 12 months for each of the misdemeanor theft offenses. The court ordered the misdemeanor theft sentences to run concurrent with one another but consecutive to the sentence for the felony theft offense for an overall prison term of 26 months.

Approximately four months later, the State filed a motion to revoke Bobo's probation, citing four probation violations: (1) failure to report; (2) failure to inform his intensive supervision office (ISO) of his current address and phone number; (3) failure to obey the law; and (4) failure to report a law enforcement contact or arrest within 24 hours. The State alleged that Bobo had provided an address at the Serenity House in Salina but, after getting kicked out of the house, failed to report his new address. The State also claimed Bobo was arrested for criminal trespass in December 2022, which he failed to report. The State later filed an amended motion to revoke to include Bobo's February 2023 arrest for interference with a law enforcement officer and failure to appear. Bobo stipulated to the violations. The district court ordered Bobo to serve a three-

day jail sanction, directed him to complete a drug and alcohol assessment within 30 days, and extended his probation for 12 months.

Within two months, the State was notified that Bobo again failed to report and neglected to inform his ISO of his home address and phone number, so it filed a second motion to revoke Bobo's probation. At the hearing on that motion, Bobo's ISO testified that Bobo did not report at his scheduled time in February 2023 and, because Bobo failed to provide either his phone number or address, his ISO was unable to contact him. Thus, there had not been any contact between them for roughly three months. The ISO's testimony further revealed that Bobo failed to complete his court-ordered drug and alcohol evaluation.

Bobo testified on his own behalf and admitted that he did not report to his ISO. He claimed that before his first revocation hearing, he saw four men moving a body out of a house. He asserted that he opted not to report in the wake of the encounter "[b]ecause they pull guns on me, I said, got me labeled as a snitch, and they said if I do report I'm a dead man." Bobo also cited the incident as justification for not disclosing his home address to his ISO. He claimed that he shared details of the encounter with defense counsel at his earlier revocation hearing but ultimately feared for his life as a result of that disclosure. On cross-examination, Bobo claimed that compliance with his obligations would no longer be an issue if the court reinstated his probation because two of the men who threatened him were in custody. He acknowledged that he never reported the threats to law enforcement or his ISO.

When asked why he failed to complete his drug and alcohol assessment, Bobo stated:  "I didn't even want to really leave the, I didn't want to leave the house too much, I didn't want to be outside too much. This is a small town."

3

The district court found the State sustained its burden to demonstrate the violations occurred. The judge said she understood Bobo's fear-induced reluctance to comply but declined to find that it excused his "wholesale failure" to contact his ISO. The court explained that Bobo's failure to provide current contact information deprived his ISO of any way to work through Bobo's issues with him or devise an alternate plan for him. Finding no showing that Bobo's behavior would change, the court revoked his probation and ordered him to serve his underlying sentences.

Bobo now brings his case to us for a determination of whether the district court arrived at an unreasonable conclusion, and therefore abused its discretion, when it determined that imposition of his underlying sentences was the most appropriate disposition for the second violation of his probation.

LEGAL ANALYSIS

*The district court did not abuse its discretion in revoking Bobo's probation.*

*Standard of Review*

Appellate courts review a district court's decision to revoke probation for an abuse of discretion. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). A district court abuses its discretion if its decision is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. *State v. Bilbrey*, 317 Kan. 57, 63, 523 P.3d 1078 (2023).

*Discussion*

There are two stages to probation revocation. The first is a factual determination that the probationer violated a condition of probation. The second is a discretionary

4

determination by the district court of the appropriate disposition. Revocation is just one of the available dispositions. *State v. Horton*, 308 Kan. 757, 760-61, 423 P.3d 548 (2018).

Bobo committed felony theft in August 2022. While the journal entries from Bobo's other cases are not included in the record, his plea transcripts indicate his other offenses were committed between August and October of 2022. Therefore, K.S.A. 2022 Supp. 22-3716 controls.

K.S.A. 2022 Supp. 22-3716(c)(1) outlines the dispositional options available to a district court following a probation violation when the original crime of conviction was a felony. Intermediate sanctions can include continuation or modification of the conditions of probation, as well as a two- or three-day quick dip in jail not to exceed 18 days in total. K.S.A. 2022 Supp. 22-3716(c)(1)(A)-(B). If the district court has previously issued a quick dip sanction, the court may revoke probation upon a subsequent probation violation. K.S.A. 2022 Supp. 22-3716(c)(1)(C).

In his motion for summary disposition, Bobo argues that the district court erred by revoking his probation instead of affording him the opportunity to rectify his behavior through additional intermediate sanctions. Nevertheless, he readily acknowledges that the authority for the district court to revoke and impose the underlying sentences in his case is two-fold—first, that his probation was the result of a dispositional departure. See K.S.A. 2022 Supp. 22-3716(c)(7)(B) (authorizing revocation without intermediate sanctions when the probation term was originally granted because of a dispositional departure). Second, he previously served a court-imposed three-day jail sanction following the first revocation of his probation. K.S.A. 2022 Supp. 22-3716(c)(1)(C) (if an offender already received a court-ordered sanction pursuant to [c][1][B]—the two- or three-day jail sanctions—revocation of probation is permitted.) Even so, Bobo contends in his motion for summary disposition that his "technical [probation] violations would not lead a reasonable person to revoke his probation."

5

Before announcing its decision, the district court acknowledged the impact that the incident Bobo witnessed seemingly had on his well-being, but it explained such occurrences cannot be treated as justification to wholly abandon one's probation obligations. Rather, ISOs can be relied on to "move mountains" to ensure probationers succeed. By cutting ties with his ISO, and failing to provide him with any avenue by which Bobo could be reached, Bobo essentially cut the lifeline to the individual who could adequately address his safety concerns and help him move forward on probation in a way that was most beneficial for him and his mental health under the circumstances. The court went on to note that this was the second time Bobo had returned to court to address violations since being sentenced less than a year earlier, and the second time Bobo had little or nothing to show for his time spent on probation. From the district court's perspective, there was no compelling evidence to indicate that Bobo's behavior would be any different going forward. Thus, the district court reasoned that Bobo was not amenable to probation and imposition of his underlying prison term was appropriate under the circumstances. Bobo has failed to show that the district court abused its discretion.

Affirmed.