NOT DESIGNATED FOR PUBLICATION

No. 127,105

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

STEVEN MICHAEL KLING,
*Appellant*.

MEMORANDUM OPINION

Appeal from Marshall District Court; LAURA JOHNSON-MCNISH, judge. Submitted without oral argument. Opinion filed October 18, 2024. Affirmed.

*Joseph A. Desch*, of Law office of Joseph A. Desch, of Topeka, for appellant.

*Andrew J. Lohmann*, assistant county attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before HURST, P.J., ISHERWOOD and PICKERING, JJ.

PER CURIAM: Steven Michael Kling challenges the revocation of his probation after the district court had granted a downward dispositional departure. After Kling's probation officer alleged four probation violations, to which Kling stipulated, the district court revoked Kling's probation and imposed his underlying prison sentence without first imposing intermediate sanctions. Kling appeals, arguing that the district court abused its discretion in revoking his probation rather than imposing an intermediate sanction. Mindful that a court may impose a prison sentence if a defendant's probation has been revoked after first receiving a downward dispositional departure, and after reviewing the record, we affirm.

1

In December 2022, Kling pled no contest to one count of methamphetamine possession, committed in January 2022. The district court granted a downward dispositional departure and sentenced Kling to 12 months of probation with an underlying 34-month prison sentence. The court granted the departure in light of Kling's "cooperative and participatory" attitude toward drug treatment. As part of Kling's probation conditions, the court ordered Kling to complete a Senate Bill (S.B.) 123 assessment to receive either inpatient or outpatient drug treatment. See K.S.A. 21-6824.

In October 2023, Kling's probation officer filed an affidavit of probation violation alleging four probation violations: (1) failure to report; (2) failure to obtain employment or provide employment verification; (3) failure to refrain from controlled substances; and (4) failure to complete S.B. 123 drug treatment or counseling. Kling's probation officer alleged that during an office visit on August 4, 2023, Kling's urine test was positive for amphetamine and methamphetamine. The probation officer claimed Kling had not reported since the August 4 visit.

At Kling's probation violation hearing in November 2023, he stipulated to the probation violations. The State requested revocation of Kling's probation. The State argued that Kling expressed his desire for drug treatment at his December 2022 sentencing but had failed to attend treatment, obtain employment, or refrain from drug use in the 11 months since then. Kling argued that because he had not been arrested or charged with new crimes, accepted responsibility, and wanted to get help, prison was not the right answer.

Kling spoke on his own behalf during the hearing. He acknowledged that he had a "drug problem" and explained that his life had been difficult for the preceding three years due to drugs. Kling reiterated his desire for help.

Because Kling's probation was the result of a dispositional departure, the district court revoked Kling's probation and imposed his underlying prison sentence. The court explained:

> "The reason for this is the original sentence was the result of a dispositional departure, and the defendant has proven in these 11 months that he is not amenable to probation. Resources have been available to him. At any time he could have changed the outcome of this case. For whatever reason he chose not to do so."

This appeal followed.

Appellate courts review a district court's decision to revoke probation for an abuse of discretion. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). A district court abuses its discretion if its decision is (1) arbitrary, fanciful, or unreasonable; (2) based on a legal error; or (3) based on a factual error. *State v. Goens*, 317 Kan. 616, 620, 535 P.3d 1116 (2023).

There are two stages to probation revocation. The first is a factual determination that the probationer violated a condition of probation. The second is a discretionary determination by the district court of the appropriate disposition. Revocation is just one of the available dispositions. *State v. Horton*, 308 Kan. 757, 761, 423 P.3d 548 (2018).

Kling committed his underlying crime in January 2022; therefore, K.S.A. 2021 Supp. 22-3716 controls. K.S.A. 2021 Supp. 22-3716(c)(1) provides the available dispositions a district court may impose for a probation violation when the original crime of conviction was a felony. K.S.A. 2021 Supp. 22-3716(c)(7)(B) allows a district court to revoke probation without first imposing intermediate sanctions if the defendant's probation was originally the result of a dispositional departure.

Kling concedes that the district court was statutorily authorized to revoke his probation but contends that the district court's decision was arbitrary and unreasonable. He asserts that while he "failed in many ways on probation," his failures were a result of his drug addiction for which he continually desired help. Kling contends that his circumstance is the reason why intermediate sanctions exist, conveying that addiction is not a simple predicament and people in recovery often relapse. Kling maintains that the district court abused its discretion in "failing to consider imposing the available intermediate sanctions in K.S.A. [2021 Supp.] 22-3716(b) and (c)." He argues that "[i]n particular, a 60 day sanction under (c)(9) could have resolved Kling's immediate problem and allowed for public safety in the meantime."

The State responds that Kling was given a chance based on his desire for treatment, but he continued to use drugs, failed to attend treatment, and failed to report to his probation officer. The State submits that while a reasonable judge may have given Kling another chance, the district court's decision to revoke was not unreasonable.

Another panel of this court also considered a claim that intermediate sanctions were more appropriate to treat a defendant's drug addiction than a prison sentence. In *State v. Lacy*, No. 125,559, 2023 WL 3033038 (Kan. App. 2023) (unpublished opinion), *rev. denied* 318 Kan. 1088 (2024), Lacy pled guilty to one count of felony offender registration violation and received a dispositional departure to 24 months of probation. While on probation, Lacy submitted four urinalysis samples that tested positive for THC or alcohol. Although Lacy argued that his probation violations stemmed from his addiction and that he would be better served in inpatient treatment, the district court revoked his probation without imposing intermediate sanctions because his probation originally resulted from a dispositional departure. Noting that the district court was statutorily authorized to revoke probation, the *Lacy* panel found no abuse of discretion in the district court's reasoning that Lacy had several chances to seek treatment but showed he was not amenable to probation. 2023 WL 3033038, at *1.

4

Other panels have likewise found no abuse of discretion where district courts have revoked probation without imposing intermediate sanctions amid defendants' addiction struggles. See *State v. Carson*, No. 126,065, 2023 WL 4671964, at \*1 (Kan. App. 2023) (unpublished opinion) (finding no abuse of discretion revoking probation for positive methamphetamine test and failure to provide proof of attending drug and alcohol treatment); *State v. Rayford*, No. 125,510, 2023 WL 2618438, at \*1 (Kan. App. 2023) (unpublished opinion) (finding no abuse of discretion revoking probation where defendant claimed new crimes committed while on probation resulted from addiction), *rev. denied* 318 Kan. 1089 (2024); *State v. Busch*, No. 123,382, 2022 WL 2904026, at \*5 (Kan. App. 2022) (unpublished opinion) (finding no abuse of discretion revoking probation for failure to report and presence in prohibited environment), *rev'd in part on other grounds* 317 Kan. 308, 528 P.3d 560 (2023).

Here, because Kling's probation was the result of a dispositional departure, the district court had discretion to impose intermediate sanctions or revoke probation. See K.S.A. 2021 Supp. 22-3716(c)(7)(B). The record in this case does not suggest that the district court believed it lacked authority to impose intermediate sanctions. Because the district court had statutory authority to revoke probation, it was not required to first consider intermediate sanctions.

The district court revoked Kling's probation for failure to report; failure to obtain employment or provide employment verification; failure to refrain from controlled substances; and failure to complete S.B. 123 drug treatment or counseling. The court found that Kling originally received probation as a result of a dispositional departure and was not amenable to probation despite having resources available to him. As Kling acknowledges, the district court had statutory authority to revoke his probation. See K.S.A. 2021 Supp. 22-3716(c)(7)(B). Following other panels of this court that have considered this issue, the district court's decision was not one with which no reasonable person would agree. Consequently, we find no abuse of discretion.

Affirmed.