NOT DESIGNATED FOR PUBLICATION

No. 127,516

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

KEVIN WAKABA MWAURA,
*Appellant.*

MEMORANDUM OPINION

Appeal from Johnson District Court; CHRISTINA DUNN GYLLENBORG, judge. Opinion filed February 14, 2025. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 21-6820(g) and (h).

Before HURST, P.J., ATCHESON and ISHERWOOD, JJ.

PER CURIAM: Defendant Kevin Wakaba Mwaura appeals the decision of the Johnson County District Court to revoke his probation in this felony driving under the influence case. The district court originally granted Mwaura a downward dispositional departure to probation, despite his previous convictions. The district court revoked Mwaura's probation after imposing one intermediate sanction and again finding that he violated the terms of his probation. Mwaura challenges the district court's order that he serve a 32-month prison sentence as an abuse of judicial discretion and contends his probation should have been continued so he could reengage in community-based treatment for alcohol abuse. After a review of the record, we affirm.

1

PLEA AND SENTENCING

Mwaura was originally charged with one count of driving under the influence of drugs or alcohol, a severity level 6 nonperson felony, and one count of driving while suspended, a class A misdemeanor. Mwaura already had multiple DUI convictions, elevating the charge here to a felony. In December 2022, he pleaded guilty to the felony DUI. The State dismissed the driving while suspended charge. In April 2023, the district court granted Mwaura a downward dispositional departure sentence of 24 months of probation with community corrections and an underlying prison term of 32 months followed by postrelease supervision for 24 months. Mwaura was ordered to obtain a substance abuse evaluation, comply with its recommendations, and complete the Mothers Against Drunk Driving victim impact panel. The district court also ordered Mwaura to obtain an ignition interlock device for his motor vehicle and to have a valid driver's license and current insurance before driving.

FIRST PROBATION VIOLATION

On June 15, 2023, Mwaura's intensive supervision officer (ISO) filed an affidavit requesting a bench warrant on the grounds Mwaura violated his probation by failing to report, failing to make payments toward court costs, failing to obtain a substance abuse evaluation, and failing to submit to urinalysis on three occasions. At a hearing on August 22, 2023, Mwaura stipulated to violating his probation. The district court ordered a 3-day jail sanction, gave Mwaura credit for time served, and reinstated the probation with a new 24-month term. The district court also ordered Mwaura into treatment followed by 90 days of remote breath unit monitoring.

2

PROBATION REVOCATION

On December 21, 2023, Mwaura's ISO filed an affidavit stating that Mwaura failed to report on three occasions, failed to make a payment toward his court costs, failed to submit to urinalysis three times, and had a positive urinalysis result and a positive breath analysis result. The district court held a hearing on the State's motion to revoke Mwaura's probation in late March 2024. Mwaura stipulated to violating several conditions of his probation. He asked the district court to reinstate probation so he could reengage in treatment. Given the repeated probation violations and Mwaura's history of driving under the influence, the district court found that he was not amenable to continued probation. The district court revoked his probation and ordered him to serve the balance of his prison sentence.

Mwaura has appealed the district court's ruling. We granted Mwaura's motion for summary disposition under Supreme Court Rule 7.014A (2024 Kan. S. Ct. R. at 48).

LEGAL ANALYSIS

Probation revocation involves two stages. The first is a factual determination that the probationer violated one or more conditions of probation. Here, Mwaura's admission of the alleged violations satisfies that stage. The second stage reflects the district court's discretionary determination of an appropriate disposition in light of any established violation. *State v. Horton*, 308 Kan. 757, 760-61, 423 P.3d 548 (2018). Mwaura committed his underlying crime in October 2022, so K.S.A. 2022 Supp. 22-3716 governs the scope of the district court's authority.

Appellate courts review a district court's disposition of admitted probation violations for abuse of discretion. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351

3

(2022). A district court abuses its discretion if its decision is (1) arbitrary, fanciful, or unreasonable; (2) based on a legal error; or (3) based on a factual error. *State v. Goens*, 317 Kan. 616, 620, 535 P.3d 1116 (2023). Mwaura has the burden to show an abuse of discretion. See *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

K.S.A. 2022 Supp. 22-3716(c)(1) outlined the dispositions available to the district court here. Apart from revocation, those options included continuation or modification of the conditions of probation, assignment to a community correctional services program, and two or three days in jail as an intermediate sanction. K.S.A. 2022 Supp. 22-3716(c)(1)(A)-(B). If a district court had imposed a jail sanction for a probation violation, as happened here, it could revoke a defendant's probation for another violation. K.S.A. 2022 Supp. 22-3716(c)(1)(C). Even without imposing an intermediate sanction, a district court could revoke probation when the defendant received a dispositional departure to probation, as also happened here. K.S.A. 2022 Supp. 22-3716(c)(7)(B).

On appeal, Mwaura asserts the district court abused its discretion by ordering him to serve the underlying prison sentence rather than reinstating his probation. He contends that he would have been better served through some form of community-based alcohol abuse treatment. He also emphasizes that he had received only one intermediate sanction when the district court chose to send him to prison.

But the district court had the legal authority to revoke Mwaura's probation. Mwaura does not argue otherwise. And the district court understood the relevant factual circumstances. The district court explained that Mwaura had an extensive history of driving drunk, that he already had one violation for failing to take the necessary steps to control his alcohol abuse, and that he displayed a lack of honesty about his uncurbed misuse of alcohol.

4

We harbor no doubt that in comparable circumstances, other district courts would revoke a defendant's probation and order that they serve their underlying prison sentence. We, therefore, find no abuse of discretion in the district court's determination here.

Affirmed.