NOT DESIGNATED FOR PUBLICATION

Nos. 127,295
127,296

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MARQUIS COLEMAN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID KAUFMAN, judge. Opinion filed February 21, 2025.
Affirmed.

Submitted by the parties for summary disposition under K.S.A. 21-6820(g) and (h).

Before BRUNS, P.J., SCHROEDER and CLINE, JJ.

PER CURIAM: Marquis Coleman appeals the revocation of his probation after he
stipulated to committing new crimes while on probation. He contends the district court
abused its discretion in revoking his probation rather than reinstating it and ordering
additional conditions, an intermediate sanction, and escalating him from supervision by
court services to community corrections. After a review of the record, we see no error
and affirm.

1

PLEA AND SENTENCING

This appeal involves two underlying criminal cases which we will refer to by their case numbers: 21CR1133 and 21CR2488. Pursuant to a global plea agreement, Coleman pled guilty to: aggravated assault in 21CR1133, a severity level 7 person felony; aggravated assault in 21CR2488, a severity level 7 person felony; and battery against a law enforcement officer in 21CR2488, a class A misdemeanor.

The district court sentenced Coleman, who had a criminal history score D, to 15 months of presumptive probation in 21CR1133, with an underlying prison term of 26 months and 12 months of postrelease supervision. In 21CR2488, the district court sentenced Coleman to 15 months of presumptive probation, with an underlying prison term of 26 months followed by 12 months of jail for the misdemeanor battery and 12 months of postrelease supervision. The prison terms for both cases, if later imposed, were to run consecutive.

PROBATION REVOCATION

On October 17, 2023, the court services officer filed a warrant in both cases alleging that Coleman committed the new crimes of battery against a law enforcement officer and interference with a law enforcement officer. On January 2, 2024, the court services officer filed another warrant in 21CR2488 alleging Coleman committed the new crimes of aggravated domestic battery, criminal damage to property, and domestic battery. A probation violation hearing was held on January 26, 2024. The State withdrew the second warrant because it failed to obtain process on the primary witness. Coleman admitted the allegations in the first warrant, waiving an evidentiary hearing. The district court closed out the 21CR1133 case, finding that Coleman served half the sentence and nothing more was required. On 21CR2488, the district court revoked probation and imposed the underlying prison and jail terms without modification.

THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION

Appellate courts review a district court's sanction for a probation violation for an abuse of discretion. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). A district court abuses its discretion if its decision is (1) arbitrary, fanciful, or unreasonable; (2) based on a legal error; or (3) based on a factual error. *State v. Goens*, 317 Kan. 616, 620, 535 P.3d 1116 (2023).

Probation revocation involves two stages. The first is a factual determination that the probationer violated a condition of probation. The second is a discretionary determination by the district court of the appropriate disposition. Revocation is just one of the available dispositions. *State v. Horton*, 308 Kan. 757, 760-61, 423 P.3d 548 (2018).

Coleman committed his underlying crimes on May 30, 2021, and December 2, 2021. Therefore, K.S.A. 2020 Supp. 22-3716 and K.S.A. 2021 Supp. 22-3716 control. The sections that pertain to this appeal are identical in each supplement and in the current bound volume. For convenience, we will cite to the 2023 bound volume.

K.S.A. 22-3716(c)(1) provides the available dispositions a district court may impose for a probation violation when the original crime of conviction is a felony. The intermediate sanctions available include continuation or modification of the conditions of probation or a two-day or three-day "quick dip" in jail, not to exceed 18 days in total. K.S.A. 22-3716(c)(1)(A)-(B). If the district court has issued a quick-dip sanction, the district court may revoke probation upon a subsequent probation violation. K.S.A. 22-3716(c)(1)(C). That said, K.S.A. 22-3716(c)(7)(C) allows a district court to revoke probation without first imposing intermediate sanctions if the probationer commits a new crime while on probation.

Coleman asserts that it was an abuse of discretion to order him to serve the underlying sentence in 21CR2488 rather than reinstating his probation with increased supervision, additional conditions, and an intermediate sanction. He contends that he accepted responsibility for his conduct and understood that his actions were inappropriate.

Another panel of this court considered a similar issue in *State v. Jones*, No. 126,154, 2024 WL 2873261 (Kan. App. 2024) (unpublished opinion). Jones pled no contest to criminal possession of a weapon by a felon and possession of marijuana. He was sentenced to presumptive probation. While still on probation, Jones stipulated to technical violations, and the district court ordered a two-day quick dip jail sanction and reinstated Jones' probation. Before his probation term had expired, Jones pled guilty to criminal discharge of a weapon by a felon. The district court then found Jones had violated his probation by committing a new crime. The district court revoked Jones' probation, noting that Jones committed the same crime on probation for which he was originally sentenced. On appeal, Jones argued that no reasonable person would have revoked his probation because he could have participated in treatment in the community. The *Jones* panel found no abuse of discretion by the district court, reasoning that despite Jones' access to community treatment, he committed the same felony crime a second time, failing to modify his behavior. 2024 WL 2873261, at *2.

Here, the district court revoked Coleman's probation for committing a new crime of battery against a law enforcement officer—one of the same crimes for which he was originally sentenced. As Coleman acknowledges, the district court had statutory authority to revoke his probation. See K.S.A. 22-3716(c)(7)(C). "And unless the district court has made a legal or factual error . . . we will set aside its discretionary decision only if no reasonable person could agree with it." *State v. Dunham*, 58 Kan. App. 2d 519, 530, 472 P.3d 604 (2020).

4

Following other panels that have considered this issue, the district court's decision was not one with which no reasonable person would agree. Consequently, we find no abuse of discretion.

Affirmed.