NOT DESIGNATED FOR PUBLICATION

No. 128,051

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KAMRIN JAMES McGHEE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHIRSTOPHER MAGANA, judge. Opinion filed August 1, 2025. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 21-6820(g) and (h).

Before SCHROEDER, P.J., HILL and GARDNER, JJ.

PER CURIAM: Kamrin McGhee appeals the revocation of his probation and order to serve his prison sentence. We granted his motion for summary disposition of his appeal under Supreme Court Rule 7.041A (2025 Kan. S. Ct. R. at 48). We find no abuse of discretion by the district court in revoking McGhee's probation. Upon review we see that McGhee has admitted that he violated his probation, has already served a three-day jail sanction, and has been given several chances at drug treatment without success. We find no abuse of discretion. Thus, we affirm.

McGhee pled guilty to two counts of aggravated battery, fleeing or attempting to elude an officer, and criminal damage to property. He committed these crimes in May 2021. In April 2022, he was sentenced to a 38-month prison term and 18 months'

1

probation. McGhee was ordered to comply with many conditions of probation including not using illegal drugs, attending drug and alcohol treatment, reporting to his intensive supervision officer as directed, and reporting a change of residence within 24 hours of moving.

*McGhee failed at probation.*

In May 2023, McGhee admitted to violating his probation by failing to attend treatment as directed and failing to notify his intensive supervision officer of an address change. He waived his right to a hearing and agreed to serve a two-day jail sanction imposed by his probation officer.

Later McGhee admitted that he violated his probation by using methamphetamine. The district court imposed a three-day jail sanction, extended his probation for 18 months, and ordered that he report to an adult residential facility at the first available bed date and complete drug and alcohol treatment.

Then, in June 2023, McGhee admitted that he violated his probation by failing to attend drug and alcohol treatment. He consented to a two-day jail sanction imposed by his probation officer.

In July 2023, the State secured a warrant that alleged McGhee tested positive for fentanyl and that he admitted to using fentanyl. In August 2023, the State obtained another warrant that alleged McGhee failed to notify his intensive supervision officer of being released from jail within 24 hours and failing to report to his intensive supervision officer as directed.

At the hearing on the two warrants, McGhee admitted to the violation in the July warrant but denied the violations in the August warrant. McGhee's intensive supervision

officer testified that McGhee was released from jail on July 22 and never reported as he was required to do within 24 hours. McGhee testified that after he bonded out of jail, he went to the adult residential facility he had been previously at and told them that he bonded out of jail. He thought he would be going back into the residential facility, but he was brought his property instead. He did not know he had to report to his intensive supervision officer and could not contact him because it was the weekend. McGhee testified that he struggled with drug addiction. He had completed inpatient treatment two years ago. Since then, he had been going to drug and alcohol classes.

The district court doubted McGhee's testimony—stating that even if McGhee was telling the truth, he could have contacted his intensive supervision officer the next Monday, which he failed to do. The court found that McGhee violated his probation based on the allegations in both warrants. The court revoked McGhee's probation and ordered him to serve his original sentence. The court reasoned that they had already expended resources trying residential, inpatient treatment, and outpatient treatment, but McGhee continued to use drugs and violate his probation. McGhee consistently showed he was unable or unwilling to comply with his probation.

On appeal, McGhee argues the district court abused its discretion because his "bests interests would be served by remaining in the community, not incarcerated."

*The law that guides us is simple.*

The decision to revoke probation involves two steps: (1) a factual determination that the probationer violated a condition of probation; and (2) a discretionary determination of the appropriate disposition in light of the proved violations, and revocation is merely one of the available dispositions. *State v. Horton*, 308 Kan. 757, 761, 423 P.3d 548 (2018).

3

The State must establish that the probationer violated the terms of probation by a preponderance of the evidence—or that the violation is more probably true than not true. *State v. Lloyd*, 52 Kan. App. 2d 780, 782, 375 P.3d 1013 (2016). And appellate courts review the district court's factual findings that a violation occurred for substantial competent evidence. *State v. Lyon*, 58 Kan. App. 2d 474, 478, 471 P.3d 716, *rev. denied* 312 Kan. 898 (2020).

Once a probation violation is established, a district court has discretion to revoke probation and impose the original sentence unless the court is otherwise limited by statute. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022); see K.S.A. 22-3716 (requiring graduated sanctions before revocation in certain circumstances). A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Bilbrey*, 317 Kan. 57, 63, 523 P.3d 1078 (2023).

For crimes of conviction on or after July 1, 2019, as here, the district court may revoke an offender's probation after the offender has received at least one two- or three-day jail sanction. K.S.A. 22-3716(c)(1)(C); *State v. Dominguez*, 58 Kan. App. 2d 630, 636-37, 473 P.3d 932 (2020). That requirement has been met here.

We find no abuse of discretion by the district court. McGhee admitted to violating his probation by using fentanyl. The district court had the legal authority to revoke McGhee's probation because the district court had imposed a three-day jail sanction. And a reasonable person could agree with the district court's decision to revoke McGhee's probation because he had already been given numerous chances to be successful in the community.

McGhee served jail sanctions three times for violating his probation. He had been given opportunities at the residential program, inpatient drug treatment, and outpatient

4

drug treatment—yet he continued to use drugs and violate his probation. The court's response of ordering him to serve his sentence was reasonable.

Affirmed.