NOT DESIGNATED FOR PUBLICATION

No. 128,793

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DANIELLE GRACE CANNEFAX,
*Appellant*.

MEMORANDUM OPINION

Appeal from Dickinson District Court; BENJAMIN J. SEXTON, judge. Opinion filed December 5, 2025. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 21-6820(g) and (h).

Before MALONE, P.J., COBLE, J., and SEAN M.A. HATFIELD, District Judge, assigned.

PER CURIAM: Danielle Grace Cannefax appeals the revocation of her probation and the imposition of an 11-month prison sentence. Cannefax filed a motion for summary disposition, the motion was granted, and we reviewed the district court's decision for abuse of discretion. Finding no error of law or fact and that its decision was reasonable, we affirm.

FACTS

Cannefax was charged with one count of aggravated arson and two counts of criminal restraint. Ultimately, Cannefax pleaded guilty to an amended count of attempted arson. The State dismissed the remaining counts and agreed not to file additional charges.

1

The district court imposed an 11-month underlying prison term and a presumptive 18-month probation.

Several months later, a warrant for Cannefax was issued when she failed to refrain from committing further acts of arson. At a combined plea and probation revocation hearing, Cannefax stipulated to violations of her probation and in the new case pleaded no contest to arson and aggravated battery. As a result, the district court found Cannefax in violation.

At the disposition hearing, Cannefax attempted to kindle the sympathy of the court for another chance on probation to work on her mental health and substance abuse issues. The district court was unmoved, denied her request to continue probation or to modify her sentence, and imposed the original underlying 11-month term.

Cannefax filed a timely notice of appeal.

ANALYSIS

Cannefax argues that the district court erred by revoking her probation and sending her to prison rather than giving her another chance on probation, which she claims would "provide better treatment options for her mental health needs." In her motion for summary disposition, Cannefax acknowledges that she violated the terms of her probation by committing new crimes.

The decision to revoke probation involves two steps: (1) a factual determination that the probationer violated a condition of probation; and (2) a discretionary determination of the appropriate disposition considering the proved violations, and revocation is merely one of the available dispositions. *State v. Horton*, 308 Kan. 757, 760-61, 423 P.3d 548 (2018). Generally, once a probation violation has been established,

2

the district court has discretion to revoke probation unless the court is otherwise limited by statute. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022); see K.S.A. 22-3716(b) and (c) (requiring graduated sanctions before revocation in some cases).

In exercising its discretion, the district court must act within the statutory framework enacted by the Kansas Legislature. See K.S.A. 22-3716. Judicial discretion is abused only if the act: (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Bilbrey*, 317 Kan. 57, 63, 523 P.3d 1078 (2023). Cannefax bears the burden of showing such abuse. See *State v. Keys*, 315 Kan. 690, 708, 510 P.3d 706 (2022).

The district court was not required to impose an intermediate sanction before revoking Cannefax's probation because she committed new crimes while on probation. See K.S.A. 22-3716(c)(7)(C) (district court may bypass sanctions and revoke probation if offender commits new felony or misdemeanor while on probation). Cannefax argues that the district court should have continued her probation to allow her to seek better treatment options for her mental health needs. But Cannefax stipulated, not only to committing new crimes, but to new crimes similar to the first. The district court had statutory authority to revoke Cannefax's probation and order her to serve the original underlying sentence, and under the circumstances, the district court's decision was reasonable.

Cannefax was given the opportunity to succeed on probation after she pleaded guilty to attempted arson. Unfortunately, she failed that opportunity by committing new crimes of arson and aggravated battery. We find no error of law or fact and the district court did not act unreasonably in revoking Cannefax's probation or in requiring her to serve the underlying sentence. So, we will affirm the district court's judgment.

Affirmed.