NOT DESIGNATED FOR PUBLICATION

No. 129,613

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JAMES H. FULFER JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; HAROLD FLAIGLE, judge pro tem. Opinion filed May 15, 2026. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 21-6820(g) and (h).

Before CLINE, P.J., BOLTON FLEMING, J., and JEFFREY GETTLER, District Judge, assigned.

PER CURIAM: James H. Fulfer Jr. appeals the district court's order revoking his probation and imposing his 18-month prison sentence. This court granted Fulfer's request for summary disposition of his appeal under Kansas Supreme Court Rule 7.041A (2026 Kan. S. Ct. R. at 48) in lieu of briefs. After reviewing the record, we find that the district court did not abuse its discretion when it revoked Fulfer's probation and ordered him to serve his prison sentence. Accordingly, we affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

Fulfer pled guilty in December 2024 to the crime of possession of methamphetamine, a severity level 5, nonperson felony. Pursuant to a plea agreement between the parties, the district court sentenced Fulfer to 18 months in prison but granted a dispositional departure, suspended his sentence, and placed him on probation for 12 months.

About three months later, the State filed a probation violation warrant alleging Fulfer had violated his probation by committing new offenses, including larceny, two counts of burglary, and criminal use of a financial card. The State also alleged Fulfer had tested positive for marijuana, methamphetamine, and fentanyl. The State later issued another probation violation warrant, adding that Fulfer had committed the additional crime of possession of stolen property.

At a combined plea and probation revocation hearing, Fulfer entered guilty pleas in two new cases to two counts of burglary, two counts of felony theft, and one count of misdemeanor theft. As the district court accepted his pleas, it advised Fulfer that by entering the guilty pleas in the new cases, the court would find he violated his probation. Fulfer indicated that he understood. At the conclusion of the hearing, the district court found Fulfer had violated his probation and revoked his probation. A month later, the district court imposed his underlying prison sentence. Fulfer timely appeals.

ANALYSIS

On appeal, Fulfer argues that the district court abused its discretion by ordering him to serve his prison sentence instead of offering him another opportunity on probation.

The decision to revoke probation involves two steps:  (1) a factual determination that the probationer violated a condition of probation; and (2) a discretionary determination of the appropriate disposition in light of the proven violations. *State v. Horton*, 308 Kan. 757, 760-61, 423 P.3d 548 (2018). Once a probation violation is established, a district court has the discretion to revoke probation and impose the original sentence unless the court is limited by statute. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022); see K.S.A. 22-3716 (requiring graduated sanctions prior to revoking probation under certain circumstances).

Fulfer does not contest the district court's finding that he violated his probation, so that ruling is not at issue in this appeal. Instead, he contests the decision to revoke his probation, which we review for an abuse of discretion. *Tafolla*, 315 Kan. at 328. A district court abuses its discretion only if its decision is (1) arbitrary, fanciful, or unreasonable; (2) based on a legal error; or (3) based on factual error. 315 Kan. at 328. Fulfer bears the burden of showing that the district court abused its discretion. 315 Kan. at 328.

The district court revoked Fulfer's probation after finding that he committed a new crime. K.S.A. 22-3716(c)(7)(C) states that a district court may revoke probation without previously imposing an intermediate sanction if "the offender commits a new felony or misdemeanor while the offender is on probation." At his probation revocation hearing, the district court found Fulfer had committed four new felonies and one misdemeanor while on probation.

Additionally, Fulfer's probation was originally granted as the result of a dispositional departure. A district court may revoke probation without imposing intermediate sanctions if probation was granted as the result of a dispositional departure. See K.S.A. 22-3716(c)(7)(B).

3

Fulfer acknowledges the applicability of these statutory provisions but nonetheless argues that "[n]o reasonable judge would have agreed with the decision to revoke his probation and send him to prison." In other words, Fulfer does not argue that the district court made an error of fact or law but argues that its decision was unreasonable. But Fulfer's argument ignores the fact that he committed multiple new crimes while on probation. A reasonable person could conclude that Fulfer's repeated failures on probation demonstrated it was unlikely he would be successful on probation if given an additional opportunity. We also note that the district court was not obliged to offer Fulfer another opportunity at probation because he committed new crimes while on probation and received a dispositional departure at his sentencing. Thus, a reasonable person could agree with the district court's decision to revoke Fulfer's probation. See *Tafolla*, 315 Kan. at 328. Fulfer has failed to meet his burden of proof to show the district court abused its discretion.

Affirmed.