NOT DESIGNATED FOR PUBLICATION

Nos. 127,226
127,300

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TIANA RENEA LITTLEDOG,
*Appellant*.

MEMORANDUM OPINION

Appeal from Ford District Court; ANDREW M. STEIN, judge. Opinion filed November 15, 2024. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 21-6820(g) and (h).

Before HURST, P.J., ISHERWOOD and PICKERING, JJ.

HURST, J.: Tiana Renea Littledog appeals the revocation of her probation and imposition of her underlying sentences in two separate cases that have been consolidated on appeal. Littledog's original probation sentences in both cases resulted from downward dispositional and durational departures, which gave the court legal authority to bypass intermediate jail sanctions when addressing probation violations. Littledog claims no factual or legal error in the district court's decision, only that the decision was unreasonable and thus an abuse of discretion. This court finds Littledog's arguments unavailing—the district court's decision was not unreasonable—and affirms the revocations.

1

FACTUAL AND PROCEDURAL BACKGROUND

In case No. 22-CR-416 (case 416), the State charged Littledog with one count of aggravated battery, a felony, for actions on June 21, 2022. While in custody on that case, the State charged Littledog in case No. 22-CR-704 (case 704) with battery against a county correctional officer or employee, aggravated assault with a deadly weapon, and interference with law enforcement–each a felony—for actions in October 2022. Pursuant to a plea agreement in case 704, the State agreed to amend the charge in case 416 to reckless aggravated battery with bodily harm, a lower level felony, and dismiss the second and third counts in case 704. In exchange, Littledog agreed to plead no contest to one count of reckless aggravated battery in case 416 and one count of battery on a law enforcement officer in case 704. The State further agreed to not seek consecutive sentences and to not oppose a durational and dispositional departure.

Before sentencing, Littledog moved for dispositional and durational departures in both cases, seeking probation instead of imprisonment and fewer months than the statutory guidelines permitted. In a May 2023 sentencing hearing for both cases, the court explained that in case 416, Littledog had a criminal history score of B and Special Rule 9 would apply because she was on parole for a felony in a prior case at the time of commission. Her presumptive sentence was 18-20 months' imprisonment in case 416. Then the court explained that in case 704, Special Rule 9 would also apply requiring its sentence to run consecutive to the sentence in case 416 because she was incarcerated in case 416 at the time of commission. Littledog's criminal history score of B meant she was subject to a presumptive prison sentence of 114-128 months in case 704.

Pursuant to the plea agreement, the district court granted Littledog's requests for dispositional and durational departures in both cases. The court sentenced Littledog to an underlying prison term of 19 months, suspended to 18 months of probation, in case 416 and an underlying prison term of 29 months, suspended to 36 months of probation, in

2

case 704. The district court ordered the underlying prison terms to be served consecutively in accordance with Special Rule 9.

Littledog's intensive supervision officer (ISO) submitted an affidavit in June 2023 alleging that Littledog violated the terms and conditions of her probation in both cases by failing to report to the ISO multiple times in May 2023, failing to report a change of address, and failing to consent to a drug test in May 2023. At the probation violation hearing in January 2024, the ISO testified supporting the allegations in the affidavit, and Littledog testified explaining why she failed to report to the ISO. Littledog explained that she was afraid of the ISO because "she was in my face" at their initial meeting and that she missed later appointments "[b]ecause I had a tooth abscess and I was sick. And, I felt that I needed time to be by myself, and with my friends. And, I felt that there was no need to explain myself to her since I thought she was related to my victim." The district court determined that Littledog's "explanations are insufficient" to justify her failure to participate or comply with the probation terms. Therefore, the court found that Littledog was "not amenable to further probation," and because the original sentences resulted from dispositional departures, the district court concluded that it was not statutorily required to order intermediate sanctions before it revoked Littledog's probation.

The district court revoked Littledog's probation in both cases and ordered her to serve the underlying 29-month and 19-month sentences consecutively for a total of 48 months. Littledog appealed both cases, and this court consolidated them on appeal.

## DISCUSSION

Littledog claims the district court abused its discretion when it revoked her probation and imposed her underlying sentences rather than imposing less severe sanctions. Appellate courts review challenges to a district court's probation revocation for an abuse of discretion, which occurs when the district court's action is: (1) arbitrary,

3

fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). Littledog does not question the district court's legal authority to revoke her probation or the accuracy of the factual basis supporting its decision. Rather, Littledog contends that the district court's decision was so unreasonable as to constitute an abuse of discretion.

Probation violation proceedings have two stages:  "(1) violation stage which, if a violation is established, proceeds to the (2) disposition stage, of which revocation may be a part." *State v. Skolaut*, 286 Kan. 219, 229, 182 P.3d 123 (2008). Once a violation is established, the district court has broad discretion in the disposition stage to impose a variety of sanctions—so long as the sanction complies with the statutory framework. See, e.g., *State v. Dooley*, 308 Kan. 641, 647-51, 423 P.3d 469 (2018) (explaining the court's discretion to impose sanctions within statutory requirements). Revocation is just one of the available dispositions. See *State v. Horton*, 308 Kan. 757, 760-61, 423 P.3d 548 (2018).

Littledog committed the criminal conduct supporting her convictions in June and October 2022, making the terms of her probation subject to K.S.A. 2021 Supp. 22-3716. Pursuant to the applicable statutory provisions in place at the time Littledog committed the criminal conduct supporting her convictions, the district court had multiple intermediate sanctions available for its disposition. See K.S.A. 2021 Supp. 22-3716(c)(1) (identifying available dispositions for a probation violation when the original crime of conviction was a felony). However, when the probationer's underlying sentence resulted from a dispositional departure—meaning the probationer's presumed sentence was prison but the court instead imposed probation—the district court may revoke probation without first imposing an intermediate sanction. K.S.A. 2021 Supp. 22-3716(c)(7)(B).

Littledog claims that the district court's decision to revoke her probation, rather than impose some other intermediate sanction, was unreasonable because of her long

4

history of mental illness and substance abuse. Littledog contends that she did not feel safe reporting to her ISO because she believed the ISO was related to the victim in the case. She also contends that she took initiative to seek out other rehabilitative services in the community. Moreover, Littledog contends that revocation for merely technical violations is unreasonable when considering her history.

The district court considered Littledog's arguments and found them insufficient and unpersuasive. The court noted that Littledog's probation violation meant that she had "never participated or complied with any terms of probation." The district court found Littledog's utter failure to take advantage of the probation opportunity made her "not amenable to further probation." The district court then explained that it had statutory authority to invoke the dispositional departure exception, permitting revocation of her probation without first imposing an intermediate sanction.

While the district court was not required to revoke Littledog's probation as Littledog concedes, it was likewise not prohibited from doing so. See K.S.A. 2021 Supp. 22-3716(c)(7)(B). The district court revoked Littledog's probation for failure to report, failure to update contact information, and failure to provide a urine sample. Contrary to Littledog's contention, these violations were not merely technical or procedural but resulted in her total evasion of probation. When there is no allegation that the district court made an error of law or of fact in its revocation decision, this court will set aside the district court's discretionary decision only if no reasonable person could agree with it. See, e.g., *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006) ("Judicial discretion is abused when no reasonable person would have taken the position taken by the trial court." Under these circumstances, this court cannot say that the district court's decision was so far afield that no reasonable person could agree that it was appropriate.

5

The district court granted Littledog dispositional departures and sentenced her to probation in cases 22-CR-416 and 22-CR-704. After Littledog violated the terms and conditions of her probation, the district court revoked her probation in both cases and imposed her underlying sentences. As a result of her dispositional departure sentences, the district court was not required to impose an intermediate sanction before revoking her probation, and Littledog concedes the district court's legal and factual authority to revoke her probation. Given Littledog's complete failure to engage in the terms of her probation, this court finds the district court's decision was not unreasonable.

Affirmed.