NOT DESIGNATED FOR PUBLICATION

No. 128,513

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOHNATHON CHRISTOPHER SCHULTZ,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE BROWN, judge. Opinion filed December 12, 2025. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 21-6820(g) and (h).

Before GARDNER, P.J., HILL, J., and JOAN M. LOWDON, District Judge, assigned.

PER CURIAM: Johnathon C. Schultz appeals the decision of the Sedgwick County District Court to revoke his probation and impose his underlying sentence. This court granted Schultz' request for summary disposition of his appeal under Kansas Supreme Court Rule 7.041A (2025 Kan. S. Ct. R. at 48). Finding no error, we affirm.

FACTUAL AND PROCEDURAL HISTORY

In May 2024, Schultz pleaded guilty to two counts of aggravated domestic battery. The district court sentenced him to 24 months' probation with an underlying prison sentence of 27 months and 12 months' postrelease supervision.

1

In September 2024, Schultz' probation officer filed a warrant for his arrest alleging technical violations and the commission of a new crime. At his probation revocation hearing several months later, Schultz admitted to the technical violations but denied committing a new crime. After the State presented evidence that Schultz had committed domestic violence against the same victim from his underlying criminal charges, the district court ruled that Schultz had committed domestic battery by a preponderance of the evidence.

The district court denied Schultz' request that his probation be reinstated, finding that his recent criminal activity in addition to his numerous technical violations warranted revocation of his probation. In its journal entry from the hearing, the district court noted Schultz' supervising officer had previously ordered him to serve a two-day jail sanction for prior probation violations.

ANALYSIS

Schultz now appeals, arguing the district court erred by failing to reinstate his probation. The decision to revoke probation involves two steps: (1) a factual determination that the probationer violated a condition of probation; and (2) a discretionary determination of the appropriate disposition in light of the proved violations. *State v. Horton*, 308 Kan. 757, 760-61, 423 P.3d 548 (2018).

Because Schultz conceded to multiple probation violations and given that the State established Schultz committed a new crime by a preponderance of the evidence, the first step requiring a factual determination is satisfied. See *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006) (preponderance of evidence standard governs proof of probation violation). We turn instead to whether the district court's disposition was appropriate.

2

Under K.S.A. 22-3716(c)(1)(B), a district court can impose an intermediate sanction of two or three days in jail for an initial set of probation violations. The district court may bypass those sanctions, however, for specific statutory reasons including that a defendant violated their probation by committing a new crime during their probationary period. K.S.A. 22-3716(c)(7)(C). Similarly, if a defendant has already served an intermediate jail sanction, a district court may revoke a defendant's probation without imposing further sanctions. K.S.A. 22-3716(c)(1)(C).

Here, the district court revoked Schultz' probation based on both his admission to technical violations as well as its finding that the new crime exception to the intermediate sanctions requirement applied. We review this disposition for an abuse of discretion. See *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). An abuse of discretion is one that (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; (3) or is based on an error of fact. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018). Schultz bears the burden of establishing an abuse. *Tafolla*, 315 Kan. at 328.

Schultz does not allege that the district court made a legal or factual error; thus, we will only consider whether the district court's decision to revoke his probation was reasonable. A district court acts unreasonably if no reasonable person would have adopted the same position as the court. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014).

Schultz committed numerous violations within months of being placed on probation. Furthermore, we concur with the district court's determination that his new offense was a "serious" matter. For these reasons, we are not convinced that another district court would not have ordered the same disposition. Schultz has therefore failed to

meet his burden to demonstrate the district court abused its discretion by revoking his probation and imposing his underlying sentence.

Affirmed.